[No. 10,556.—In Bank.]

## THE PEOPLE v. RICHARD SCOTT.

MOTION TO WITHDRAW PLEA OF GUILTY—INSANITY.—The Court below refused to grant the motion of the defendant to withdraw a plea of "guilty," and to plead "not guilty."

*Held:* There was evidence sufficient to raise a doubt as to the sanity of the defendant at the time the plea of guilty was interposed, and under the circumstances of the case the motion should have been granted.

APPEAL from a judgment of conviction in the Superior Court of the County of Tehama. LEWIS, J.

*Chipman & Garter* and *J. F. Ellison*, for Appellant.

No brief on file for Respondent.

MORRISON, C. J.:

The defendant was prosecuted by information in the Superior Court of Tehama County for the crime of incest, and upon his arraignment pleaded guilty to the charge. Subsequently, and before sentence, it was suggested to the Court that the defendant was insane, and thereupon the Court ordered that the question of insanity be tried by a jury. The trial occurred, and the jury pronounced the defendant insane. He was thereupon sent to the Insane Asylum at Napa, and was subsequently discharged on the certificate of the physician at the asylum that he was then sane, whereupon the Court below sentenced him to ten years' imprisonment in the State Prison. Before judgment was pronounced, a motion was made on behalf of the defendant for leave to withdraw his plea of guilty, and that motion was supported by numerous affidavits tending to show that the defendant had not been of sound mind for several years, and that he was at one time an inmate of the Insane Asylum at Jacksonville, Ill. The motion for leave to withdraw the plea of guilty was denied by the Court, and we think that was error.

There was evidence sufficient to raise a doubt respecting the condition of the defendant's mind at the time his plea of guilty was interposed, and, under the peculiar circumstances of the case, the defendant should have been permitted to

withdraw that plea. (*People* v. *Lee*, 17 Cal. 76; *People* v. *McCrary*, 41 id. 458.)

Judgment reversed and cause remanded.

Ross, Sharpstein, Myrick, Thornton, McKee, and McKinstry, JJ., concurred.