C. M. CLAY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 30th, 1921.

## CRIMINAL LAW—WITHDRAWING INVOLUNTARY PLEA OF "GUILTY"—DISCRETION OF THE COURT IN REFUSAL TO PERMIT IS RE- VIEWABLE BY APPELLATE COURT

1. Though the trial courts have a discretion in granting or refusing to grant permission to withdraw a plea of "guilty" on a trial of a criminal charge, and to substitute in its stead a plea of not guilty, or a plea in bar, yet the exercise of such discretion is reviewable by the appellate court.

2. The plea of guilty to a serious criminal charge should be freely and voluntarily made and entered by the accused, without a semblance of coercion, and without fear or duress of any kind, and the accused should be permitted to with- draw a plea of guilty entered unadvisedly, when application therefor is duly made in good faith and sustained by proof, and proper offer is made to go to trial on a plea of not guilty, or other valid plea.

3. The law favors trials on the merits, and if the discretion of the trial court is abused in denying leave to withdraw a plea of guilty, and to go to trial on the merits, the appellate court may interfere.

A Writ of Error to the Criminal Court of Record for Duval County; J. M. Peeler, Judge.

Reversed.

*Edgar W. Waybright* and *Paul C. Marion,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

TAYLOR, J.—Upon her plea of "guilty" of the offence of embezzlement of the sum of $650.00, in money charged in an information filed against her in the Criminal Court of Record for Duval County, the defendant below was sentenced to fine or imprisonment in the county jail, and seeks review of this judgment by the writ of error.

The defendant below, before sentence imposed, moved the Court to set aside her plea of "guilty" and to permit her to interpose the plea of "not guilty" in its stead, which motion asserted that the defendant to be ready at any time, immediately or hereafter to stand trial on said charge. Attached to the said motion and filed therewith was the following affidavit:

"Personally appeared before me, the undersigned authority, C. M. Clay, who, after being being duly sworn, deposes and says: that upon the 22nd day of June, A.D. 1920, information was filed in the Criminal Court of Record in

and for Duval County, State of Florida, against her and one C. D. Clay, her husband, alleging that 'upon the 28th day of May, A. D. 1920, they, being then and there agents and servants of one J. M. Roan, did by virtue of their employment as such agents and servants receive and take into their possession one automobile of the value of Six Hundred and Fifty Dollars of the property goods and chattels of the said J. M. Roan, and afterwards, to-wit: then and there did embezzle and fraudulently convert the same to their own use without the consent of the said J. M. Roan,' of which matters this defendant and affiant was in no wise guilty, and while said information was pending the said J. M. Roan repeatedly demanded Six Hundred and Fifty Dollars, plus his attorney's fees, and expenses in coming to Jacksonville, Florida, from this defendant, stating that if she paid said sums he would have her released, but if she did not pay it he would continue to prosecute her. She employed an attorney to represent her in said action and upon the 9th day of November, A. D. 1920, the case came on for trial in the Criminal Court of Record, the jury being duly empanelled and sworn, and J. M. Roan and S. E. Strode having testified for the State, the County Solicitor asked that the jury be discharged and the defendants be released from the charges in said information, whereupon without consent of the defendant or her attorney, the jury was discharged and the defendants released from the charges in that information, but immediately the information in the present case was filed and immediately her attorneys demanded that she plead "guilty" to the same, which information charged the same offense, and her attorney stated that if she did not plead guilty at once he would not represent her further and that if she would plead guilty he would see that it was fixed up with Roan and that the said Roan would accept

some money in settlement and that would be the best manner to adjust it, and acting because of the threats and promises of the said attorney, and with not more than twenty minutes to consider her action, she did, within a few minutes after the information was filed, plead guilty to the same, although she told her attorney then that she was not guilty and did not desire to plead guilty; and the next day she went to her attorney and requested him to attempt to withdraw the plea of guilty, but he stated to her that if she settled with Roan the prosecution would be dismissed and if she did not settle with Roan he would have nothing further to do with the matter, and thereupon this defendant did try to secure the money and adjust the same, not knowing how she could otherwise secure her release from her plea, and being unable to raise the money in any way finally upon the 4th day of January, 1921, she went to Judge J. M. Peeler and requested him to let her withdraw her plea and upon the same day secured the services of Paul C. Marion, an attorney at law, in an effort to secure the withdrawal of said plea and has been since said date endeavoring to secure Honorable J. M. Peeler, Judge of the Criminal Court of Record in and for Duval County, Florida, to consent to the withdrawal of her plea of Guilty in order that she might go to trial upon a plea of not guilty immediately; and affiant further says that she is a married woman, thirty-five years of age and without previous experience in such matters and that she entered said plea of guilty without knowing the consequence of said plea, and through fear and misapprehension and upon the hope being held out that the matter could be settled with Roan, and affiant further states that she had never been in court before and did not understand the important steps which she was induced to take by her attorney, and was confused by the proceedings at the time:

Which said affidavit was sworn to and subscribed by the said C. M. Clay on the 22nd day of February, A.D. 1921.''

This motion was denied by the Court, the ruling was duly excepted to, and it is assigned as error. Under the circumstances as disclosed in the above affidavit this ruling was error.

In the case of Pope v. State, 56 Fla. 81, 47 South. Rep. 487, it was held that the law favors trials on the merits, and if the discretion of the trial court is abused in denying leave to withdraw a plea of guilty and to go to trial on the merits, the Appellate Court may interfere. The plea of guilty to a serious criminal charge should be freely and voluntarily made and entered by the accused, without a semblance of coercion, and without fear or duress of any kind, and the accused should be permitted to withdraw a plea of guilty entered unadvisedly when application therefor is duly made in good faith and sustained by proofs, and proper offer is made to go to trial on a plea of not guilty.

For the error found, the judgment of the Court below is hereby reversed at the cost of Duval County.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.