## CLARENCE D. CASEY v. STATE.

156 So. 282.

Opinion Filed July 27, 1924.

4

A writ of error to the Circuit Court for Dade County, H. F. Atkinson, Judge.

*Herbert S. Sepler, John W. DuBose* and *T. Frank Wales,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

TERRELL, J.—On January 12, 1932, the plaintiff in error, Clarence D. Casey, was jointly indicted with James Milligan, Frank Moulton and Cecil James for murder in the first degree. Frank Moulton and Cecil James turned state's evidence, entered a plea of guilty, and on the recommendation of the State attorney, were sentenced to the State penitentiary for life. There was a severance as to Casey and Milligan. Milligan was tried and the jury returned a verdict of murder in the first degree without recommendation. On the day he was indicted, Casey was arraigned and entered a plea of not guilty. Two days later, he withdrew his plea of not guilty and entered a plea of guilty of murder in the first degree. On the eighteenth of January, 1932, six

days after indictment and after conviction of Milligan, the court imposed the death penalty on Casey. On July 16, 1933, Casey filed his motion to set aside the latter judgment and penalty and prayed that he be permitted to withdraw his plea of guilty, enter a plea of not guilty in its stead, and go to trial at once on the merits. Affidavits were submitted and other testimony was taken in support of this motion which was after full consideration, denied. The instant writ of error was prosecuted to the last named order.

It is contended here that the plaintiff in error should have been permitted to withdraw his plea of guilty and to enter a plea of not guilty because the plea of guilty was entered under duress, fear, misunderstanding, improper influence, and the assurance that the court would be lenient on him if such a plea was entered.

The motion to set aside the judgment and sentence of death and to withdraw the plea of guilty and enter a plea of not guilty and proceed to trial thereon at once may be treated either as an extraordinary application for new trial or as an application for writ of error *coram nobis,* our conclusion being that the judgment brought in question was void and could have been reached by either motion.

The evidence as to whether the plea of guilty was entered through fear, duress, misunderstanding, or improper influence is about as conflicting as it is possible for it to be. This Court is on record as holding that such a motion is one addressed to the sound discretion of the trial court, but subject to review by the appellate court. Pope v. State, 56 Fla. 81, 47 So. 487, 16 Ann. Cas. 972.

In the last cited case, we said in substance that the law favors trials on the merits and that a plea of guilty to a serious criminal charge should be freely and voluntarily made and entered by the accused without a semblance of coercion and without fear or duress of any kind. It is

possible that the plea of guilty in this case was entered freely and voluntarily and without a semblance of coercion, but when such a plea is entered as here by an ignorant young man charged with a capital offense and the evidence on that point is in hopeless conflict, it raises a very strong suspicion that some undue influence contributed to the plea. When such a case is duly presented the better practice is to permit the plea of guilty to be withdrawn and pressed to trial on a proper plea.

Aside from this consideration, however, the judgment and sentence of death was lacking in the essential requirements of law and will have to be set aside. The order denying the motion to set aside the judgment and sentence of death and refusing to permit the plea of guilty to be withdrawn and enter a plea of not guilty discloses that the trial judge misapprehended his function as such and failed to observe the legal requirements to a valid judgment in such a case.

In his order, the court said in part:

"When Casey came up for sentence, it was suggested by his counsel that in view of his plea, he was entitled to and should receive the mercy of the court. But in view of all facts and circumstances of the case, it seemed otherwise to the presiding judge, notwithstanding defendant's plea of guilty; it did not seem proper that Milligan, who was an accessory before the fact, should receive the extreme penalty and that Casey, the confessed leader of the party, should escape with a life sentence. * * *

"The court will state further that in sentencing Casey, Moulton, and James on their pleas of guilty, no additional testimony was taken. The men were jointly indicted with Milligan and all appeared as witnesses at the trial and testified either for the State or for the defendant. It did not occur to the court or to the State's attorney that it was

necessary that a separate record should be made in each case when all of the facts relating to the homicide and attempted hold-up were fully disclosed in the trial of Milligan."

Section 5138, Revised General Statutes of 1920, Section 7140, Compiled General Laws of 1927, prescribes certain requirements to the validity of a judgment like that against Casey and is as follows:

"When the jury find the defendant guilty under an indictment for murder, they shall ascertain by their verdict the degree of unlawful homicide of which he is guilty, but if the defendant on arraignment confesses his guilt, the court shall proceed to determine the degree upon an examination of the testimony and pass sentence accordingly."

Section 6123, Revised General Statutes of 1920, Section 8428, Compiled General Laws of 1927, prescribes certain prerequisites to the execution of a judgment like that against Casey and is as follows:

"Whenever any person shall be convicted of any crime for which the sentence of death shall be awarded against him, the clerk of the court as soon as may be shall make out and deliver to the sheriff of the county a certified copy of the whole record of the conviction and sentence, and the sheriff shall forthwith remit the same to the Governor, and the sentence of death shall not be executed upon such convict until a warrant shall be issued by the Governor, under the seal of the State, with the copy of the record thereto annexed commanding the execution of the sentence of death to be done, and fixing therein some designated week, beginning with Monday, in which week such sentence shall be executed pursuant to such warrant and according to the manner and means hereinafter prescribed."

We interpret Section 5138, Revised General Statutes of 1920, *supra,* to mean that when a defendant is arraigned

and pleads guilty to a charge of murder, it becomes the duty of the trial court to take and examine the evidence affecting the charge against him, determine the degree of the homicide and pass sentence accordingly. The judge in other words under such circumstances is placed in the position of a jury and must determine from the evidence whether the defendant is guilty of murder in the first, second, or third degree, or manslaughter and may in any case, consider the question of whether or not his judgment should be tempered with mercy.

Construed in connection with Section 6123, Revised General Statutes of 1920, *supra,* we are forced to the conclusion that if the evidence convinces the court that the defendant is guilty of murder in the first degree, and there are no extenuating circumstances to recommend mercy, then in that event, the clerk is required to make a certified copy of the "whole record of the conviction and sentence" and furnish it to the sheriff of the county, who shall in turn transmit said record to the Governor on which to predicate the death warrant and execution of the sentence imposed on the defendant.

The record discloses that the trial judge misconceived or overlooked both these statutes. He apparently sentenced Casey on the evidence taken in support of the conviction of Milligan, a co-defendant, and made no examination nor took any testimony in support of his plea of guilty. He gave Casey the extreme penalty on the theory that the jury convicted Milligan, an accessory before the fact, of murder in the first degree without recommendation, and that Casey should not have a lesser penalty meted out to him. He relied on the record in the Milligan case to support his judgment as to Casey. In our judgment, these statutes are mandatory and must be followed to substantial liberalism.

Under our form of government, a supreme value is at-

tached to human life. The law rightly prescribes exacting and sometimes tedious requirements to deprive one of it. There is a sound reason and a pertinent history behind all these requirements and the fact that one whose life society is exacting, has committed a heinous crime, in no sense warrants any court in overlooking the law's mandate. If it may be overlooked in one case, it may be cast to windward in another and then it ceases to perform the function for which created.

The judgment below being thus in violation of the commands of the statute, is void and the motion to vacate it should have been granted. In this situation, it becomes unnecessary to treat other assignments of error.

Reversed.

WHITFIELD, ELLIS and BROWN, J. J., concur.

DAVIS, C. J., and BUFORD, J., concur specially.

DAVIS, C. J. (concurring).—I concur in the reversal to the extent of requiring sentence to be imposed pursuant to the formalities of the statutes after vacation of present sentence. But I perceive little justification for reversing the trial judge for refusal to permit defendant to withdraw his plea of guilty some eighteen months after he pleaded guilty and had been sentenced on the basis of such plea which was made several terms of court prior to his application to withdraw it. My view is that the application to withdraw the guilty plea was too long delayed to have merit, and that the court was warranted in denying it on that ground alone in view of the circumstances shown concerning it.

BUFORD, J., concurs.