I. H. BROWN, *Plaintiff in Error* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Division B.

## Opinion filed August 10, 1926.

1. A plea of guilty should be entirely voluntary by one competent to know the consequence of such plea, and should not be induced by fear, misrepresentation, persuasion, promises, inadvertence or ignorance.

2. Where a motion is made by the defendant to be allowed to withdraw his plea of guilty in the same term of court at which such plea is entered, the same rules should be applied and the same result obtained whether judgment has been entered upon the plea or not, because the court maintains full control of its judgment during the entire term of court and may change, modify or set it aside upon proper showing made or for good and sufficient cause.

3. The plea of guilty to a serious criminal charge should be freely and voluntarily made and entered by the accused, without a semblance of coercion, and without fear or duress of any kind, and the accused should be permitted to withdraw a plea of guilty entered unadvisedly, when application therefor is duly made in good faith and sustained by proof, and proper offer is made to go to trial on a plea of not guilty, or other valid plea.

A writ of error to the Criminal Court of Record for Polk County; H. K. Olliphant, Judge.

Reversed.

*James M. Carson* and *Wilson & Boswell*, for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *H. E. Carter,* Assistant, for State.

BUFORD, J.—In this case the plaintiff in error was charged by information filed in the Criminal Court ·of Record of Polk County, with the offense of assault with intent to commit murder in the first degree.

The defendant entered a plea of guilty of the offense of assault with intent to commit manslaughter, which plea was entered on the 28th day of September, 1925, and was sentenced to be confined in the State Penitentiary in the State of Florida at hard labor for a period of three years. On the 2nd day of October and during the same term of the Court and before the Court had adjourned for such term, the defendant filed a motion praying for an order of Court setting aside the judgment and allowing him to withdraw his plea of guilty and to allow him to enter a plea of not guilty which motion was in the following language to-wit:

"Now comes the defendant and moves the Court for permission to .withdraw the plea of guilty and entered in this cause on September 28th, 1925, and instead to enter a plea of not guilty; and in support of the.said motion the defendant says:

. FIRST: That the defendant was induced to plead guilty with assault. with. intent to commit manslaughter by fear, ·and that the. defendant was and is informed that the prosecuting witness, one Yates, who was shot by the defendant

was a member of the Ku Klux Klan, a secret organization whose members, the defendant is informed, are bound by oath not to disclose their membership to support and sustain each other and that the defendant was threatened by persons whom he believed to be members of said Klan with a conviction upon the higher offense charged in the information; and that the defendant not being a member thereof and not knowing the membership thereof did believe that there were apt to be several members of the Klan on the jury which might be chosen for the offense charged; and that on account of said fear he pleaded guilty to the lessor offense in the belief hereinafter in full set forth that he would be allowed to pay a fine.

SECOND: That defendant was informed before the entry of said plea and still believes that one Pullen, an employee of the same mine in which defendant and the said Yates, the prosecuting witness, were employed, the said Pullen being higher in employ than either the said Yates or the said defendant, was the advisor and counsellor of the said Yates in reference to this cause; and that before the entry of this plea the said Yates, acting as the defendant believes by and under the advise of the said Pullen, offered to drop the prosecution in this cause upon the payment of five thousand ($5,000.00) or more dollars to the said Yates; and that defendant declined to make said payment; but that the defendant was then and is now informed that the said Pullen and one H. K. Olliphant, Jr., are brothers-in-law; and that H. K. Olliphant, Jr., is the son of the Judge of the court; and that by reason of said family connection and by reason of the refusal of the defendant to pay the money demanded defendant feared that in the event of a trial he might expect the said trial to be presided over by a judge who, to say the least, would

not be friendly to this defendant; and for these reasons the plea of guilty of the defendant was induced by fear.

THIRD: The defendant further says that the plea of guilty in this cause was induced by an understanding on the part of the defendant had by and through his attorney with the County Solicitor of Polk County that upon such plea the defendant would be sentenced to pay a fine rather than to serve a term of imprisonment, and that the amount of said fine was, as the defendant understands, agreed upon and that the defendant was to pay a fine of one thousand dollars ($1,000.00) and costs; and that by reason of the promises and understandings had by and through the County Solicitor defendant was overreached and deceived in respect to the extent of punishment, and on account of such understanding defendant pleaded guilty to a charge of assault with intent to commit manslaughter.

And the defendant further says that he is not guilty of the offense to which he pleaded guilty nor of the offense charged in the indictment and that he has meritorious defense in said charge.''

This motion was supported by an affidavit of Lide G. Brown, wife of the defendant, which was in the following language:

''Before me the undersigned authority personally appeared Lida G. Brown, who being duly sworn says that she is the wife of I. H. Brown and that she was present in all the consultations between her husband and the attorneys representing him, Wilson & Boswell, and that said attorneys advised I. H. Brown to plead guilty to the charge of assault with intent to commit manslaughter, saying that he was afraid of the jury and certain influences that were surrounding him, and that he would get off much easier by pleading guilty to this charge than he would if he went to trial and should be convicted of the higher offense of

assault with intent to commit murder; *and while not in so many words but intimated that if the defendant I. H. Brown would plead guilty to this charge he would be assigned possibly a very high fine but nothing was said about the imprisonment without the alternative,* and that she did not know that he could be imprisoned without being sentenced to pay a fine; that she was under the impression that a fine would be assessed and that if he was unable to pay it then he would be confined in prison for a certain period of time; and that she used her influence and persuaded her husband to make this plea saying *that ·she was willing to give up her home and anything else to pay it and get out of it,* and if she had known that the imprisonment in the State Prison could have been imposed without the alternative sentence she would never have used her influence with her husband to enter this plea; that she had a conversation with the judge of the court and with others, and, while no promises were made to her, she was under the impression all the time that it would be a heavy fine with an alternative sentence in the State Prison if the fine was not paid;

And that it was through fear of the Ku Klux Klan on the jury and being informed and believing that the prosecuting witness was a member of the Ku Klux Klan and knowing that those who were pushing the prosecution were members of said Klan that she with her husband was afraid for him to go to trial, and therefore had accepted the advice of her attorneys through fear.''

And the motion was also supported by the affidavit of C. A. Boswell:

''Before me, the undersigned authority, personally appeared C. A. Boswell who being duly sworn says that he is a member of the firm of Wilson & Boswell, who were employed to defend I. H. Brown of the charge of assault with

intent to commit murder in the first degree; that the case
was set for trial on the 24th day of September, 1925, and
that after several consultations with the County Solicitor
he agreed to have the defendant to enter a plea of guilty
to the charge of assault with intent to commit manslaughter,
although not promised, he was under the impression that by
entering this plea the judge would fine the defendant with
an alternative sentence of imprisonment if the fine was not
paid; and that he used his influence to ascertain what
the fine would be and to get it as light as possible so that
the defendant could pay it; *and that he had a talk with the
judge of the court and also had several others to talk to
him, and that, although the Judge never said or inti-
mated what the sentence would be, this affiant was under
the impression that the sentence would be a heavy fine with
alternative sentence of imprisonment;*

That he advised the defendant to enter plea of guilty
of assault with intent to commit manslaughter, and was
completely dumbfounded when the Judge passed a sentence
of three years in the State Prison without any alternative
sentence; and further says that he would not have used
his influence persuading and advising the defendant to
plead guilty to the charge if he had known that he would
receive a sentence in the State Penitentiary without any
alternative.''

Upon hearing the Court denied the motion and allow-
ing the sentence and judgment to stand as entered.

This Court has heretofore enunciated the doctrine which
prevails in the State that a plea of guilty should be entirely
voluntary by one competent to know the consequence of
such plea, and should not be induced by fear, misappre-
hension, persuasion, promises, inadvertence or ignorance.
Pope v. State, 56 Fla. 81, 47 South. Rep. 487; Nichols v.
State ,86 Fla. 208, 98 South. Rep. 502.

Where a motion is made by the defendant to be allowed to withdraw his plea of guilty in the same term of Court at which such plea is entered, the same rules should be applied and the same result obtained whether judgment has been entered upon the plea or not, because the Court maintains full control of its judgment during the entire term of Court and may change, modify or set it aside upon proper showing being made or for good and sufficient cause.

This Court in the case of Clay v. State, 82 Fla. 83, 89 South. Rep. 353, reaffirmed the rule as stated in the case of Pope v. State, *supra,* and further said:

"The plea of guilty to a serious criminal charge should be freely and voluntarily made and entered by the accused, without a semblance of coercion, and without fear or duress of any kind, and the accused should be permitted to withdraw a plea of guilty entered unadvisedly, when application therefor is duly made in good faith and sustained by proof, and proper offer is made to go to trial on a plea of not guilty, or other valid plea."

The plaintiff in error appears to have brought himself well within the rule as laid down in the above cited cases and there appears to have been no sufficient reason why he should not have been accorded the privilege and right of a speedy trial by a Jury upon the merits of the charge against him.

The judgment is therefore reversed and the cause remanded for a new trial.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur;

BROWN, C. J., concurs in the opinion;

ELLIS AND STRUM, J. J., dissent.

BUFORD, J.—Opinion was filed in this case on August 10th, since which time it has been made to appear to the Court that it is expedient to supplement such opinion. The question before this Court is not whether or not the judge of the trial Court or any other Court official misled or deceived the counsel for the accused as to the sentence that would be imposed upon a plea of guilty being entered and this Court does not intimate that such condition did exist. Neither is the question, whether or not the Court was justified in imposing the sentence under the conditions which·existed at the time the sentence was imposed. The question presented is, whether there is a sufficient allegation and sufficient evidence to support the same that the defendant entered a plea of guilty upon the *persuasion* and advice of counsel when the *defendant* did not fully *understand* and appreciate the circumstance that influenced his counsel in *persuading* and *advising* him to plead guilty.

When a plea of guilty is freely and voluntarily entered by a person *sui juris* with a full knowledge and appreciation of the effect and consequences of such a plea without *persuasion, fear* or *misapprehension,* the Court should not allow the plea to be withdrawn when such course would amount to a trifling with the authority and procedure of the Court; but the Court should be liberal in permitting a plea of guilty to be withdrawn during the same term when there is a substantial showing that though the defendant was *sui juris* and fully competent to act for himself, yet, the plea of guilty was in fact entered under a real misapprehension of the defendant's rights and privileges or under persuasion, fear or coercion or because of a lack of full knowledge and appreciation of the facts and circumstances under which and pursuant to which the plea was entered, to the end, that the defendant may not be de-

prived of the organic right to a jury trial when the right has not been legally, freely and voluntarily waived by plea or otherwise by a defendant competent to act and who does act with full knowledge and appreciation of the facts and consequences of the act.

The former order of reversal shall stand.

WHITFIELD, P. J., AND TERRELL, J., concur;

BROWN, C. J., concurs in the opinion;

ELLIS AND STRUM, J. J., dissent in part.

STRUM, J., dissenting in part.

While I concur in the statement of the law enunciated by Mr. JUSTICE BUFORD in the foregoing opinion, I dissent from the order of reversal because, in my opinion, the facts presented by the defendant in support of his motion for leave to withdraw his plea of guilty are insufficient to justify the court in granting that motion, especially so since the motion was not made until after a sentence of imprisonment had been imposed, instead of a fine, contrary to the expectations of the defendant.

After a very careful investigation of the record, I find nothing from which it could be even remotely inferred that any deception was practiced upon the accused, or that he was misled, either by his own counsel, the State's counsel, the presiding Judge, or by any one else connected with the trial. Neither do I find any sufficient evidence that the defendant entered his plea of guilty through fear, or under coercion, duress, undue persuasion, or under such a misapprehension of the result of his plea of guilty as would bring him within the rule and justify the granting of his motion to withdraw his plea of guilty. Nor does it seem

to me that the plea was entered "unadvisedly" as that term is employed in the rule announced in the majority opinion.

ELLIS, J., concurs.