PETER CORLISE, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed January 4, 1928.

*Whitaker Brothers,* Attorneys for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, Attorneys for Defendant in Error.

BUFORD, J.—In this case the defendant, a boy fourteen years of age, who was illiterate and unable to speak or thoroughly understand the English language, entered a plea of guilty to larceny of an automobile and was sentenced to the Florida State Industrial School for Boys at Marianna, Florida, for the remainder of his minority, or until he should become twenty-one years of age.

In the case of Stringfellow v. Coons et al., 57 Fla. 158, 49 Sou. 1019; 131 Am. St. Rep. 1089, and in Cosmopolitan Fire Insurance Company v. Putnal, 60 Fla. 41, 53 Sou. 444, it was held: the refusal of a trial court to allow pleas to be entered or to allow a plea to be withdrawn and another plea to be filed in lieu thereof, should be evidenced to the appellate court by a bill of exceptions. Otherwise, the appellate court could not review the action of the trial court

in disposing of the motion to file additional pleas or to withdraw a plea and file another in lieu thereof. This rule, however, has been abrogated by statute. Section 3 of Chapter 12019, Acts of 1927, reads as follows:

"Any motion, pleading, proceeding, document or other matter exhibited only by the bill of exceptions when it should have been exhibited by the record proper, and any motion, pleading, proceeding, document or other matter exhibited only by record proper when it should have been exhibited by the bill of exceptions shall be considered by the appellate court with the same force and effect as if it had been exhibited in its proper place in the transcript of record provided the same appears in the transcript so that it may be definitely identified by the appellate court and so exhibited as to import authenticity."

It was alleged by affidavits appearing in the record attached to the motion to be allowed to withdraw the plea and enter a plea of not guilty, that neither the defendant or his natural guardian, his father, fully understood what the consequence of his plea would be and there is indeed presented by the record evidence tending to show that the defendant did not know or realize that he was, through his counsel, entering a plea of guilty to a charge of grand larceny.

The record shows that the motion was filed and considered at the same term of the court at which the plea was entered and the sentence imposed and that the affidavits in support of the motion were filed on the 8th day of July, 1927, and that the order of court denying the motion was made on the 9th day of July, 1927, and that exceptions were noted.

The law applicable to this case was enunciated in the opinion of the case of Brown v. State, 92 Fla. 538, 109

Sou. 627, and on authority of that opinion the judgment in this case should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND BROWN, J., concur in the opinion.

STRUM, J., not participating.