CLARENCE D. CASEY, *alias* "RED" CASEY, v. STATE.

169 So. 367.
Division B.
Opinion Filed June 22, 1936.

John W. DuBose, Daniel Sepler, Garland Budd, Glenn C. Mincer, Bart A. Riley and J. Aron Abbott, for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Ira A. Hutchinson,* Assistant Attorney General, for the State.

TERRELL, J.—Plaintiff in error was indicted, tried, and convicted for murder in the first degree without recommendation to mercy. The death sentence was imposed, the instant writ of error being prosecuted to that judgment.

Summarized, the record discloses that on the night of December 31, 1931, Plaintiff in Error, Clarence D. Casey, James Milligan, Frank Moulton, and Cecil James, went to the drug store of Dr. Frank D. Palmer in Miami, Florida, to effect a robbery. Moulton and James waited on the outside to take care of those who came while Casey and Milligan went inside to effectuate the purpose of their mission. Dr. Palmer and the witness, Singelton, were in the front of the store and were commanded by Casey to hold up their hands. Dr. Palmer moved up to a show case near by and was reaching for a pistol when Casey fired at him and fled. Milligan also fled, but both ran in different directions. Dr. Palmer fired at Casey six times as he was leaving the drug store and fell mortally wounded. He died in a hospital about one hour later. The bullet alleged to have been fired by Casey entered his side near the left nipple and was extracted from the lower part of his back. All four participants in the tragedy were arrested six days later and were indicted for murder in the first degree. Moulton and James pleaded guilty and were sentenced to life imprisonment in the State Penitentiary. Milligan pleaded not guilty, was tried, and convicted of murder in the first degree, and sentenced to be electrocuted. Casey pleaded not guilty, but withdrew that plea and entered a plea of guilty. A motion to vacate the latter plea and conviction based thereon was denied, but that judgment was reversed by this Court on writ of error. Casey v. State, 116 Fla. 3, 156 So. 282.

A new trial resulted in the verdict and judgment from which the instant writ of error was prosecuted.

It is now contended that inasmuch as there was an exchange of shots error was committed by the State in not proving that the bullet extracted from the body of Dr. Palmer was fired from the gun used by Casey and not from the gun used by the deceased. It is also contended that the State failed to prove that the deceased came to his death in the manner alleged in the indictment.

If there had been reasonable doubt as to who fired the shot there would be substance to this contention, but we find nothing in the record to indicate that Dr. Palmer by accident or otherwise shot himself. The evidence is conclusive that the shot fired by Casey was the one that killed him. Several guns were introduced in evidence, but it was not definitely proven which one of them was used by Casey when he shot the deceased. The evidence was in conflict as to who fired the first shot, as it was on other points, but the jury resolved these conflicts and there is ample warrant for their finding. The defendant invaded the premises of deceased for an unlawful purpose and while circumstances could have arisen that would have made it necessary to prove that the bullet taken from the body of Dr. Palmer was the one fired by Casey as by showing that it was the same caliber as the gun he used and was in other respects like it, but such facts are absent in this case.

The evidence may not show that the murder of Dr. Palmer took place in meticulous detail as alleged in the indictment, but every essential element of the crime was proven and the evidence leaves no doubt that it was committed by the defendant.

If any error was committed in the manner of the proof it was harmless.

A careful examination of the record fails to reveal re-reversible error.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.