JAMES ECKLES v. STATE.

180 So. 764.
Opinion Filed April 28, 1938.

*Pine & Giblin* and *Vincent C. Giblin,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

WHITFIELD, J.—Upon an information filed March 24, 1936, charging the statutory offense of breaking and entering a dwelling house with intent to commit a felony, the accused in open court on the day the information was filed, and without being represented by counsel, was arraigned and pleaded guilty to the information. On April 1, 1936, counsel appeared with the accused in open court and by motion suggested the insanity of the accused "at the time of the alleged crime and at the present time," and moved for permission to withdraw the plea of guilty and to substitute therefor a plea of not guilty, that the suggestion of insanity be tried by a jury and that the trial of the issue of guilt be deferred until a determination of the issue of insanity. An affidavit of the mother of the accused was presented in support of the suggestion that the accused is insane. No counter affidavits or other proofs were offered by the prosecuting attorney in opposition to the motion. The motion was denied and exception noted. Sentence was deferred by the court.

On April 17, 1936, counsel for the accused presented the following motion:

"Comes now the defendant, James Eckles, by and through his undersigned attorneys, and moves the Court for permission and leave to withdraw his plea of guilty entered herein on the 24th day of March, A. D. 1936, and for permission and leave to enter a plea of not guilty by reason of insanity to the information heretofore filed herein and in support of this motion the defendant, James Eckles, by and through his undersigned attorneys, append hereto two certain affidavits (marked Exhibit A and Exhibit B, re-

spectively), each of whiich is made by the mother of the defendant, James Eckles; and the defendant, James Eckles, by and through his undersigned attorneys, makes the said affidavits and each of them, parts of this motion.

"The defendant, James Eckles, by and through his undersigned attorneys, requests, in the event of the granting of this motion by the Court, a jury trial on the issue of this defendant's insanity at the time of the alleged commission by this defendant of the alleged offense charged and set forth in and by the said information.

"The defendant, James Eckles, by and through his undersigned attorneys, represents to the Court, and gives the Court to understand and be informed, that he is ready to proceed to trial immediately upon his plea of not guilty by reason of insanity, should the Court permit and allow him to enter such plea."

The affidavits referred to in the motion tended in some degree to support the motion.

The motion was denied and an exception was noted. Motions for a new trial and in arrest of judgment were made and denied and exceptions noted.

The accused was sentenced to the State penitentiary for a term of three years. Writ of error was taken.

"In a criminal prosecution a defendant has a right to plead guilty; and the effect of such a plea is to authorize the imposition of the sentence prescribed by law upon a verdict of guilty of the crime sufficiently charged in the indictment or information.

"A plea of guilty should be entirely voluntary by one competent to know the consequences, * * *.

"While the trial court may exercise discretion in permitting or refusing to permit a plea of guilty to be withdrawn for the purpose of pleading not guilty, yet such discretion is subject to review by an appellate court.

"A defendant should be permitted to withdraw a plea of guilty given unadvisedly when application therefor is duly made in good faith and sustained by proofs, and proper offer is made to go to trial on a plea of not guilty.

The law favors trials on the merits; and if the discretion of the trial court is abused in denying leave to withdraw a plea of guilty and to go to trial on the merits, the appellate court may interfere. Headnotes 1, 2, 3 and 4 and 5 of Pope v. State, 56 Fla. 81, 47 So. 487, 16 Am. Cas. 972. See also Brown v. State, 92 Fla. 592, 109 So. 627; Casey v. State, 116 Fla. 3, 156 So. 282; Clay v. State, 82 Fla. 83, 89 So. 353; Corlise v. State, 94 Fla. 1192, 115 So. 528; Nickels v. State, 86 Fla. 208, 98 So. 497, 502, 99 So. 121; Adams v. State, 28 Fla. 511, 10 So. 106; Britton v. State, 68 Fla. 438, 67 So. 142.

"Where there is sufficient evidence to raise a doubt as to the sanity of the accused at the time that the plea of guilty was entered, he should, as of right, be allowed to withdraw his plea of guilty, and substitute not guilty. People v. Scott, 59 Cal. 341; Deloach v. State, 77 Miss. 691, 27 S. 618." 16 C. J. 398, note 9 (d).

"The withdrawal of the plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place." 16 C. J. 398.

The motion supported by the affidavits at least raises a doubt as to the competency of the accused to enter a plea of guilty without advice of counsel; and as there was no undue delay in presenting the motion for leave to withdraw the plea of guilty and to go to trial on a plea of not guilty, it was error to deny the motion. See People v. Scott, 59 Cal. 341; Deloach v. State, 77 Miss. 691, 27 So. 618. The judgment is reversed for appropriate proceedings.

Reversed and remanded.

530

Ellis, C. J., and Terrell, Brown, Buford and Chapman, J. J., concur.