50 So.2d 708 (1951)
RUBENSTEIN
v.
STATE.
Supreme Court of Florida, en Banc.
February 20, 1951.
*709 Walter W. Manley and Kelly & Manley, Lakeland, for appellant.
Richard W. Ervin, Atty. Gen., and Murray Sams, Jr., Asst. Atty. Gen., for appellee.
CHAPMAN, Justice.
The appellant, David Rubenstein, on September 24, 1949, was informed against for the crime of embezzlement by the County Solicitor of Polk County, Florida. He was taken into custody and incarcerated in the Polk County jail for approximately ten weeks One of Rubenstein's relatives made restitution in whole or in part of the sum alleged to have been embezzled. For this, and other reasons, Rubenstein thought or believed he would be placed upon probation. One of the Assistant County Solicitors by letter recommended that a probation order be entered. The Probation Officer of Polk County examined and investigated Rubenstein. Physicians were appointed to inquire into Rubenstein's mental condition.
On March 27, 1950, upon arraignment, Rubenstein entered a plea of guilty. He did not at the time have an attorney. On May 2, 1950, the trial court sentenced Rubenstein to serve a period of five years in the State Prison at hard labor for his crime of embezzlement. He shortly thereafter obtained counsel and applied to the Court for permission to withdraw his plea of guilty previously entered.
The grounds of the motion to withdraw are viz:
"1. That before entering the plea of guilty on March 27, 1950, this defendant's uncle was promised and assured by an assistant County Solicitor of this Court that if defendant would enter a plea of guilty that he would not receive a prison sentence but would be allowed probation on terms permitting him to return to Wayne County, Michigan;
"2. That at the time he entered the plea of guilty defendant was not represented by counsel, was ignorant of the law, was not aware of the seriousness of the charge against him, and was not advised or informed of the probable consequence which might result from a plea of guilty;
"3. That defendant relied entirely upon the understanding that he would be given probation and would not be sentenced to serve time or pay a fine if he entered a plea of guilty, and that such plea was entered under a misunderstanding of defendant's rights and under hope and promise of leniency offered and held out to him by the State of Florida, otherwise defendant would not have entered a plea of guilty;
"4. That defendant stands ready to go to trial on the charge against him;
"Wherefore, defendant prays that he be permitted to withdraw his plea of guilty, that the judgment and sentence heretofore entered against him be set aside and vacated, and that he be permitted to enter a plea of not guilty and stand trial on the charge against him."
The trial Court heard evidence on the aforesaid motion and thereafter entered an order overruling and denying the motion to withdraw the plea of guilty previously entered. We have examined the evidence certified to this Court and find an unbroken thread of evidence sustaining the view that the appellant Rubenstein, at the time of filing the plea of guilty, thought or believed that he would be by the trial court by an appropriate order paroled and not sentenced to the State Prison as was done for a term of years. Immediately after the entry of the prison sentence appellant obtained counsel and applied to the court below for the privilege of withdrawing the plea of guilty and then and there offered to go to trial on the embezzlement information.
In the case of Canada v. State, 144 Fla. 633, 198 So. 220, we held that the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting a plea of not guilty in its place. Courts ordinarily will permit a plea of guilty to be withdrawn if it fairly appears that the defendant was in ignorance of his rights and of the consequences of his acts, or was influenced unduly and improperly, *710 either by hope or by fear in making it, or if it appears that the plea was entered under some mistake or misapprehension. The plea of guilty should not be induced by fear, persuasion, promises, inadvertence or ignorance. See Pope v. State, 56 Fla. 81, 47 So. 487, 16 Ann.Cas. 972; Clay v. State, 82 Fla. 83, 89 So. 353; Brown v. State, 92 Fla. 592, 109 So. 627; Nickels v. State, 86 Fla. 208, 98 So. 497, 502, 99 So. 121; Casey v. State, 116 Fla. 3, 156 So. 282; Eckles v. State, 132 Fla. 526, 180 So. 764; Sinclari v. State, 133 Fla. 77, 182 So. 637; Artigas v. State, 140 Fla. 671, 192 So. 795; Wenrich v. State, 159 Fla. 492, 32 So.2d 11.
The judgment is reversed and the cause remanded for further proceedings.
THOMAS, ADAMS, HOBSON and ROBERTS, JJ., concur.
SEBRING, C.J., dissents.
TERRELL, J., not participating.