MATHEW'S, Justice.
This is an appeal from a judgment of guilty and a sentence based upon a plea of guilty for a fifteen-year old boy, after a revocation of probation which will 'be later discussed.
On the 16th day of March, 1950, information was filed against the appellant and others charging that on March 12, 1950, they broke into a store with intent to steal money and cigarettes. On April 25, 1950, appellant appeared in person and plead not guilty. The trial was set for May 8, 1950. On the date of trial, Appellant Paul, again in proper person, by leave of Court, withdrew his plea of not guilty and plead guilty.
The Honorable Edwin L. Jones, now Circuit Judge, was the Judge of the Criminal Court of Record at that time and the Minute entry of the appearance and pleading of not guilty and .changing the plea to guilty, in proper person, was made. Three years later the Honorable William T. Harvey was the Judge of the 'Criminal Court of Record, and notwithstanding these Minute entries, attempted to impeach the same by stating that Paul had counsel. Such a statement from Judge Harvey could not and did not impeach the Minute entries made while Judge Jones was the Judge of the Criminal Court of Record.
After the plea of guilty was entered on May 12, sentence was deferred until May 15th when Judge Edwin L. Jones made the following order:
“ * * * and the defendant is hereby placed on Probation, the conditions of said probation being that the defendant shall not violate, during the period of said probation, any of the laws of the State of Florida, and that said defendant shall make reports to the Probation and Parole Officer of this Court at such intervals, times and places as shall be fixed by said Probation and Parole Officer”.
On September 22, 1953, Paul was brought before the Criminal Court of Record for a hearing to determine whether or not his probation should be revoked for alleged violations. On that date, after hearing evidence of his alleged violations, the Court took the matter under advisement.
On January 15, 1954, while the Judge of the Criminal Court of Record still had the matter under advisement, appellant appeared with his counsel and filed a sworn motion for leave to withdraw his plea of guilty and to enter a plea of not guilty to the original information. The allegations of the sworn motion stand uncontradicted. It is alleged that Paul had just passed fourteen years of age at the time he entered the plea. He was without knowledge or experience in such matters and had been led to believe that the prosecution would be dropped if he would change his plea from not guilty to guilty. The motion alleged that Paul was not, in fact, guilty of any offense, and except for the information and some difficulties he had had in Juvenile Court, he had never been convicted of any violation of the law in the State of Florida, and his plea was due to his lack of experience and knowledge.
The Court promptly overruled appellant’s motion to withdraw his plea of guilty and to enter a plea of not guilty and revoked his probation and sentenced the appellant to two and one-half years in the penitentiary at Raiford. The order and sentence contained the following:
“ * * * and it appearing to the Court that the aforesaid has not properly conducted himself, but has violated the conditions of his probation in a material respect, by violating conditions ‘B’, ‘C’, and ‘D’, of his Order of Probation which states that he shall:
“ ‘B: Live a clean, honest and temperate life.
*679 " 'C: Keep good company and good hours.
“ ‘D: Keep away from all undesirable places.’
******
“It is therefore ordered and adjudged that the probation of the aforesaid, Vincent Paul be, and the same is hereby revoked, in accordance with Section 26, Chapter 20519, Laws of Florida 1941 [F.S.A. § 948.06], and
“It is further ordered and adjudged that the said Vincent Paul be taken by the Sheriff of Duval County, Florida, and by him delivered to the proper authorities of the State Prison at Raif-ord, Florida, and there be confined at hard labor for the full term and period of 2Yz years.”
At the time of denial of the motion to change the plea and of revoking the probation and sentencing the boy to two and one-half years, Judge Harvey said:
“Well, of course, Senator, those pleas were back in 1950 and I don’t feel that the court has any jurisdiction before Judge Jones back in 1950. I don’t think that I would have any more right to release him than I would have to release a federal prisoner; so, I am going to deny the motion.”
It is apparent that the Judge of the Criminal Court of Record was in error in basing his decision on the belief that he was without jurisdiction to hear the motion. The Court had jurisdiction and, although it is true that a motion to withdraw a plea of guilty and file a plea of not guilty is addressed to the sound discretion of the Court, in this case, under the facts shown by the record, it was an abuse of discretion to refuse this boy’s motion to withdraw the plea of guilty and enter a plea of not guilty.
In the brief filed in this case by the Attorney General, it is stated:
“In view of Section 909.13, Florida Statutes [F.S.A.], and in view of this Court’s pronouncements in the various cases which it has considered on this point, we feel the trial court erred in overruling the appellant’s motion to withdraw his plea of guilty and substitute a plea of not guilty.
******
“We think this case must be reversed in light of this Court’s rulings and pronouncements in the following cases:
“Pope v. State, 56 Fla. 81, 47 So. 487, 16 Ann.Cas. 972; Brown v. State, 92 Fla. 592, 109 So. 627; Canada v. State, 144 Fla. 633, 198 So. 220; Eckles v. State, 132 Fla. 526, 180 So. 764; Artigas v. State, 140 Fla. 671, 192 So. 795; Clay v. State, 82 Fla. 83, 89 So. 353; Corlise v. State, 94 Fla. 1192, 115 So. 528; Casey v. State, 116 Fla. 3, 156 So. 282; and Fox v. State, 112 Fla. 104, 150 So. 228.”
The cause be and the same is hereby reversed, with directions to set aside the sentence and judgment of conviction and grant the motion to withdraw the plea of guilty and to file a plea of not guilty, and for further proceedings in accordance with this opinion.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.