PER CURIAM.
This is an appeal by the defendant below from an order denying his motion for relief under Criminal Procedure Rule No. 1, F.S.A. Ch. 924 Appendix. The appellant pleaded guilty to three charges of issuing worthless checks in violation of § 832.05 (3), Fla.Stat., F.S.A. Judgments were entered thereon and sentence imposed on June 17, 1964. On August 11, 1964, the defendant filed a motion to vacate the judgments under Criminal Procedure Rule No. 1 on the ground that he was insane at the time of pleading.
After a full evidentiary hearing the trial court denied relief. The order entered was as follows:
“This Cause having come on to be heard upon the Motion of the Defendant, Charles R. Ashmann, and the Court having conducted a hearing on the issues raised wherein testimony was taken and evidence received, and the Court having had the benefit of argument of the respective counsel, it is the
“Finding of This Court that the Defendant, Charles R. Ashmann, was not, at the time of the entry of the guilty pleas, adjudications and entry of sentences in the above styled causes, insane, and that the aforesaid Defendant, at the aforementioned times, knew the difference between right and wrong, was able to adhere to the right, was able to assist counsel in the preparation of said causes, and knew the consequences of his acts, and therefore
“It is Considered, Ordered, and Adjudged that the Motion of Charles R. Ashmann, to Vacate Judgments and Sentences under the Provisions of Rule 1, Criminal Procedure, be and the same is hereby denied.”
Appellant cites Eckles v. State, 132 Fla. 526, 180 So. 764, in which it was held, in the case of a defendant moving before judgment to withdraw his guilty plea on a claim of insanity, that he should be permitted to do so where the evidence supplies a reasonable doubt as to his sanity at the time the guilty plea was entered. Relying thereon, it is argued here on behalf of the appellant that the evidence was sufficient to raise such doubt, and, therefore, that the trial judge should not have tried and determined the issues of his claimed insanity, but should have vacated the judgments, permitted withdrawal of the guilty pleas and granted new trial on not guilty pleas.
We hold the contention of the appellant is without merit, and affirm. We have not overlooked the case of Brown v. State, *699 92 Fla. 592, 109 So. 627, holding that when a motion is made after judgment to withdraw a guilty plea, within the same term of court at which the plea was entered, it should be treated by the same rules which would be applied to such a motion when made before judgment. As to the latter case, the state’s brief points out that the motion for relief in the instant case was not made during the term in which the guilty pleas or judgments thereon were entered.
In our view the Eckles case does not afford a basis for reversal of the order now appealed. Trial and determination by a trial judge of the issue presented on the motion under Criminal Procedure Rule No. 1, was in conformity to the directions in that rule which include the following:
"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to he served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.” [Emphasis supplied]
Whereupon, the challenged order of the trial court, which has not been shown to be unsupported by the evidence, should be and hereby is affirmed.
Affirmed.