[Crim. No. 2201.   First Dist., Div. Two.   Oct. 3, 1941.]

THE PEOPLE, Respondent, v. ROBERT GALLANTIER, Appellant.

Robert Gallantier, *in pro. per.*, for Appellant.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

STURTEVANT, J.—The defendant was tried, convicted, and sentenced on three different felonies. Thereafter the district attorney in San Francisco filed an information against him charging the crime of robbery. The defendant entered a plea of guilty. After numerous proceedings had in the municipal court and in the superior court, acting on and ac-

cepting the plea of guilty, the latter court entered a judgment against the defendant convicting him of robbery in the first degree. Among other things the sentence contained a provision that the defendant " . . . be punished by imprisonment in the state prison at San Quentin, California, said sentence to run concurrently with all other sentences heretofore imposed." From the latter judgment the defendant appealed and has brought up typewritten transcripts.

The defendant presents two points, (1) failure of the court to find that the defendant had been restored to sanity, and (2) refusal of the court to entertain a motion to withdraw his plea of guilty and to enter a plea of not guilty. As we are of the opinion that the second contention is well founded it will not be necessary to discuss the first contention.

The record discloses that the defendant at the time the offense was committed was a drug addict. At said time, September 22, 1939, the alleged offense of robbery was committed. On September 25, 1939, a complaint was filed against him in the municipal court. On the same day the defendant appeared in the municipal court accompanied by his counsel, Mr. Toner, the public defender. His counsel suggested to the court that the defendant plead not guilty. Upon being asked what his plea was the defendant answered, "Guilty." The cause was then certified to the superior court. Thereafter in the superior court the case was called on many different dates and many different proceedings were had. On September 27, 1939, the defendant applied for probation. While that application was pending, on September 29, 1939, the trial court directed that the defendant be taken to the psychopathic hospital for observation. On October 4, 1939, the insanity commissioners certified to the court that the defendant was insane and he was committed to the Mendocino State Hospital. Whether he was released on parole, discharged as cured, or otherwise, does not appear from the record, but the record does show that on September 18, 1940, the above entitled cause was restored to the calendar in the superior court for further proceedings. Thereafter numerous continuances were had.

At times the defendant was represented by the public defender and at other times, in the absence of his counsel, he represented himself. On numerous occasions he orally asked permission to withdraw his plea of guilty, to enter a

plea of not guilty, and to have his case tried by a jury. True it is that at no time did he support his motion by an affidavit. However all of the facts hereinabove set forth appear of record in the action.

The proceedings show a running discussion participated in at times by the defendant personally, his counsel, the district attorney, and the judge of the trial court. At all times the defendant was asking permission to change his plea and to go to trial before a jury, and was claiming that he was insane at the time he entered a plea of guilty. There is nothing in the record showing that that claim was not well founded. On the other hand the facts stand out prominently that on October 4, 1939, he was adjudged insane and that his plea of guilty was entered September 25, 1939, approximately one week prior thereto. Nothing to the contrary appearing in the record it must be assumed that he was insane the date he entered a plea of guilty.

It is statutory that one " . . . cannot be tried, adjudged to punishment, or punished for a public offense, while he is insane." (Pen. Code, sec. 1367.) Obviously a trial had under such conditions would be erroneous. No reason appears why a plea entered under the same conditions would not be equally erroneous. Under a set of facts almost parallel the court so held. (*People* v. *Scott*, 59 Cal. 341.)

Resting our decision on the authority of that case the judgment is reversed.

Nourse, P. J., and Dooling, J. *pro tem.*, concurred.