GEORGE W. SCROGGINS v. STATE.

169 So. 547.
Division B.
Opinion Filed July 23, 1936.

50

*Rollo E. Karkeet,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

TERRELL, J.—This writ of error is to a judgment and sentence of death from a trial and conviction of murder in the first degree. The evidence is ample to support the verdict and judgment.

It is contended that reversible error was committed in the failure of the trial court to charge the jury on the law of insanity.

There was no plea of insanity, neither was there evidence to support such a plea. The basis for this defense was pure deduction from the evidence of defendant by his counsel in argument at the trial. The evidence of the defendant was in effect that at the time he committed the murder he was crazed from drink and not conscious of his act. This evidence was flatly contradicted and the jury resolved the conflict against the defendant. The evidence as a whole accords with the verdict and fails completely to prove insanity. The charge of the court is bounded by the evidence and the pleadings and such being its ambit we find no reason for reversal in this point.

It is next contended that the trial court committed error in his failure to permit defendant or his counsel to inspect the several forms of verdict handed the jury as they retired to the jury room to make up their verdict.

It is stated in briefs of counsel that four printed forms of possible verdicts were handed the jury as they retired to the jury room. The record does not show that anything of the kind was done, neither does it show that any notice or exception was taken to it or that it was called to attention of the trial court and ruled on by him at the time. The objection to it cannot, therefore, be considered by this Court.

The third and only other assignment of error is predicated on the order of the trial court imposing a corrected judgment and sentence on defendant after the *instant* writ of error was prosecuted to this Court.

It appears that at the trial on August 6, 1934, the judge imposed sentence of death upon the defendant without first adjudging him guilty. To this incomplete judgment the present writ of error was prosecuted. On June 4, 1935, while the writ of error was pending in this Court the trial court, having had the defective judgment called to his attention, had the defendant brought before him, adjudged him guilty of murder in the first degree, and again sentenced him to death by electrocution. Thereafter on July 1, 1935, this Court, on Motion of the Attorney General, ordered the writ of error to the first judgment of August 6, 1934, quashed and being unaware that the defendant had on June 4, 1935, being properly adjudged guilty and sentenced to be electrocuted, entered its order remanding the defendant for proper judgment and sentence.

Plaintiff in Error now contends that the Circuit Court was without jurisdiction to impose the second judgment and sentence of June 4, 1935, because the writ of error to the judgment of August, 1934, was pending in this Court and being so the Circuit Court was without jurisdiction to impose the latter judgment of June 4, 1935.

This contention is devoid of merit. In the first place the

judgment of August 6, 1934, was not sufficient to support the writ of error. Tootles v. State, 98 Fla. 469, 123 So. 922; Johnson v. State, 81 Fla. 783, 89 So. 114; Timmons v. State, 97 Fla. 23, 119 So. 393; Pittsburgh Steel Co. v. Struty, 60 Fla. 183, 53 So. 505; Maniscalco v. State, 98 Fla. 468, 123 So. 922. If this second judgment and sentence had not been imposed the result of the first writ of error would have been a reversal for a proper judgment, but since that has been entered it would now be futile to have the defendant brought before the trial court and sentenced again. A writ of error to the corrected judgment and sentence of June 4, 1935, has been taken to and is now pending in this Court. That judgment must be and is hereby affirmed and the mandate of this Court dated July 1, 1935, by which the cause was remanded to the Circuit Court for a proper judgment, is hereby recalled and quashed, such a judgment having been previously entered without the knowledge of this Court.

At most the procedure was irregular, but no harmful error is shown to have been committed.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.