K. C. SINCLAIR v. STATE.

182 So. 637.
(No. 5152)
Opinion Filed July 6, 1938.

</div>

*Okell & Hall* and *George S. Okell*, for Plaintiff in Error;

*Cary D. Landis*, Attorney General, and *Tyrus A. Norwood*, Assistant Attorney General, for the State.

CHAPMAN, J.—On the 22nd day of June, 1937, K. C. Sinclair, plaintiff in error, with Johnnie Goseer and Bert Griffin, was informed against in the Criminal Court of Record of Dade. County, Florida, charging them with breaking and entering with intent to commit grand larceny. The information was filed with the Clerk of the Criminal Court of Record on June 22, 1937. On the same day K. C. Sinclair was arraigned in open court and upon arraignment entered a plea of guilty, and on the same day the Honorable Ben C. Willard, Judge of said Court, made and entered an order adjudging the said K. C. Sinclair guilty of said offense as charged in the information.

On the 24th day of June, 1937, K. C. Sinclair, plaintiff in error, was by the Judge of the Criminal Court of Record of Dade County, Florida, sentenced to imprisonment at hard labor in the state penitentiary for a period of five years. On the 25th day of June, 1937, plaintiff in error, through counsel, filed his motion to vacate the sentence of the Court and at the same time requested leave and authority to withdraw the plea of guilty previously filed upon arraignment and to enter or file a plea of not guilty to the said information. The motion was supported by an affidavit in which it was set out that plaintiff in error was beaten by a Deputy Sheriff on the 21st day of June, 1937, prior to the date of his said arraignment, and was threatened with

other force and violence if he, the said K. C. Sinclair, did not plead guilty to the said information when arraigned; that he was not guilty as charged, and that he was not represented by an attorney when he entered the plea of guilty and had been deprived of the privilege of counsel while being held in the common jail of Dade County, Florida. The Judge of the Criminal Court of Record, on the 28th day of June, 1937, denied the motion for leave to withdraw the plea of guilty and substitute a plea of not guilty, and denied the motion to vacate and set aside the sentence or judgment previously entered.

Writ of error was obtained, transcript of record perfected, and the cause is here for review in this Court on two or three assignments of error. One of the assignments of error was that the lower court erred in overruling and denying plaintiff in error's motion to withdraw his plea of guilty and substitute therefor a plea of not guilty to the information against him.

The motion here for review is one addressed to the sound discretion of the trial court and if the discretion is abused, it will be reversible error. The burden of showing reversible error here is on plaintiff in error. While the affidavit states that force and violence were resorted to in obtaining the plea of guilty, the lower court had the defendant before him, considered the merits of the affidavit but did not attach sufficient credence thereto to cause an investigation to be made into the facts appearing in the affidavit. The affidavit also stated that defendant was without counsel when the plea of guilty was entered and his incarceration prevented his obtaining counsel and conferences therewith. The affidavit presents rather serious charges in a court of justice, and, if the facts as stated therein were true and correct in point of fact, the failure of the court to permit the withdrawal of the plea of guilty

may constitute reversible error. We assume from this record that the Judge of the Criminal Court of Record knew, or upon inquiry learned, that the facts in the affidavit were not reliable and in the exercise of his discretion denied the application, and therefore reversible error has not been made to appear. See Pope v. State, 68 Fla. 438, 47 So. 487, 16 Ann. Cas. 972.

We have given due consideration to the case of Clay v. State, 82 Fla. 83, 89 So. 353, where the facts were much stronger in support of the application or motion to withdraw the plea of guilty than in the case at bar. On the facts in support of the motion in Clay v. State, *supra*, this Court held that it was reversible error in not permitting the withdrawal of the plea of guilty. In the case of Brown v. State, 92 Fla. 592, text 597, 109 So. 627, this Court said:

"This Court has heretofore enunciated the doctrine which prevails in the State that a plea of guilty should be entirely voluntary by one competent to know the consequence of such plea, and should not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance. Pope v. State, 56 Fla. 81, 47 South. Rep. 487; Nichols v. State, 86 Fla. 208, 98 South. Rep. 502."

The transcript of the record shows that a motion for·a new trial and a motion in arrest of judgment were each filed on June 29, 1937. The grounds of the motions are the same, viz.:

"1. That the Court erred in its refusal to grant permission to the defendant to withdraw his plea of guilty and substitute a plea of not guilty in its stead on the grounds set forth in said affidavit in support of said motion.

"2. The Court erred in its refusal to vacate and set aside the sentence and final judgment of the Court as requested by the defendant in his motion supported by affidavits."

It will be observed that the points of law raised by each of the motions are presented in the motions for permission to withdraw the plea of guilty and file in lieu thereof a plea of not guilty. We think that the grounds of these motions were addressed to the judicial discretion of the trial court and the showing here is insufficient to show an abuse thereof. The judgment appealed from is hereby affirmed.

WHITFIELD and TERRELL, J. J., concur.

BROWN, J., dissents.

ELLIS, C. J., and BUFORD, J., not participating.

BROWN, J. (dissenting).—Under the authorities cited in the majority opinion, I think a prima facie showing was made by the motion to be allowed to withdraw the plea of guilty and enter a plea of not guilty. As stated in one of our previous cases, the law favors a hearing on the merits in criminal cases, unless there be good reason shown for denying same. The trial judge may have been justified in his action in this case, from what he personally knew of the circumstances, but the record does not show it.