83 So.2d 6 (1955)
Joseph L. COLLINS and Anthony M. Caminas, Appellants,
v.
STATE of Florida, Appellee (two cases).
Supreme Court of Florida, en Banc.
September 16, 1955.
Rehearing Denied November 15, 1955.
George W. Atkinson (of Atkinson & Atkinson), Tallahassee, Philip D. Beall and Herbert Latham, Pensacola, for appellants.
Richard W. Ervin, Atty. Gen., and Bart L. Cohen, Asst. Atty. Gen., for appellee.
*7 SEBRING, Justice.
The appellants were informed against for jointly operating a gambling room. Upon arraignment the appellants pleaded guilty, and at a subsequent date, in open court, Collins was sentenced to 4 years, and Caminas to 2 1/2 years, in the State Penitentiary. Later in the day, after the session had adjourned, the trial judge directed the clerk of the court to change the sentences of Collins and Caminas to 3 and 2 years, respectively. Two days after the imposition of sentence the appellants filed sworn motions for leave to withdraw their pleas of guilty, and to enter pleas of not guilty, to the offense charged in the information. The motions were denied and this appeal followed.
The first question raised on appeal involves the correctness of the order denying the motion. In respect to this question, the record shows that in their motion for leave to withdraw their pleas of guilty the appellants alleged that they had a meritorious defense to the charge contained in the information and had pleaded guilty thereto solely because they believed that they would receive only a fine or probation if they entered pleas of guilty; that they based their belief upon representations made to them by the County Solicitor prior to arraignment "that if they entered their pleas to the charges that they were taking a chance but that he [the County Solicitor] * * was of the opinion that the sentence would be either a fine or probation * * * that he did not know what the Judge would do in the case but that in all similar cases of which he * * * had knowledge, the court had entered judgment of a fine or probation."
The cases are legion that an application for leave to withdraw a plea of guilty, and enter a plea of not guilty, is a matter within the sound judicial discretion of the trial judge to whom the application is directed, Casey v. State, 116 Fla. 3, 156 So. 282; La Barbera v. State, Fla., 63 So.2d 654; and the burden of showing reversible error in a trial court's denial of a motion to withdraw such a plea rests upon the appellant. Sinclair v. State, 133 Fla. 77, 182 So. 637.
In the present case it is shown that before the trial judge accepted the pleas of guilty from the appellants, he questioned them at length as to whether or not they understood the nature of the charge and the possible and probable consequences to them in the event they pleaded guilty. Upon being told by the appellants that they understood the nature of the charge against them and the possible and probable consequences of a voluntary plea of guilty, the trial judge asked the appellants "if they had legal counsel or desired further time for securing the same," to which the appellants answered that "they did not desire to be represented by counsel." The trial judge then asked the appellants "if they had been promised by any one any recommendation to the court for leniency in the imposition of sentences or if they had been led to believe that any such recommendation would be made," to which they replied in the negative. It was only after all these questions had been asked, and answers thereto had been given, that the trial judge adjudicated the guilt of the appellants and imposed the sentences appealed from.
Under these circumstances it cannot be said that the trial judge committed reversible error in denying the applications of the appellants for leave to withdraw their pleas of guilty and plead not guilty to the charge in the information. There is no claim that the appellants were ignorant, immature or illiterate men who did not understand the nature of the charge and the legal consequences of their acts, or that they entered their pleas unadvisedly. Indeed, the record reflects that the appellants were mature, literate and experienced men who were willing to gamble that upon a voluntary plea of guilty to the charge they would be fined and not imprisoned for their violations of the gambling laws. They took their chances and they lost; the wheel failed to stop at a lucky number. The mere fact that these appellants, who were fully aware of their rights and the consequences of their acts, hoped or believed *8 that by pleading guilty to the charge they would receive a lighter sentence than might be their lot if they went to trial and were convicted by a jury does not constitute a valid ground for the exercise of the court's discretion. Stratton v. State, Fla., 77 So.2d 864; People v. Brown, 38 Cal. App. 46, 175 P. 85; State v. Williams, 320 Mo. 296, 6 S.W.2d 915.
The second question for decision involves the authority of the trial court to change the sentences of the appellants after they had been sentenced in open court.
As appears from the record, the defendants were sentenced, in open court, to terms of 4 and 2 1/2 years, respectively. After the trial judge had adjourned the session at which these sentences were imposed, he discovered that the statute upon which the information was based provided a maximum penalty of only 3 years. Section 849.01, Florida Statutes, F.S.A. Upon making this discovery, he directed the clerk of the court to change the sentence against Caminas to 2 years and the sentence against Collins to 3 years so as to bring the latter sentence within the terms of the statute.
The legality of these sentences was brought into question by a habeas corpus proceeding instituted by the appellants after their appeal to this Court had been taken from the judgment and sentence. Upon the writ and the return in the habeas corpus proceeding the trial court held, in effect, that the second set of sentences imposed against the appellants was void because not entered in open court in the presence of the appellants. Section 921.02, Florida Statutes, F.S.A.; Brown v. State, 29 Fla. 543, 10 So. 736. And upon this holding, the trial court had the appellants brought back into open court, and there, in their presence, again imposed sentences of 3 years, as to Collins, and 2 years, as to Caminas. From an order denying a petition for writ of error coram nobis, addressed to these sentences, a second appeal was prosecuted and has been consolidated with the first appeal from the final judgment in the cause for consideration of this Court.
It is argued by the appellants that because jurisdiction of the cause had become vested in this Court by reason of the appeal from the judgment and sentence, the trial judge had no jurisdiction, while the appeal was pending here, to impose the third set of sentences that was entered.
Whatever might be said for the validity of this argument in another setting, we have the view that it presents no basis for the reversal of the judgment and sentence under the facts of the case at bar. Section 924.06, Florida Statutes, F.S.A., provides that an appeal may be taken by a defendant from "a final judgment of conviction" and from a sentence "on the ground that it is illegal or excessive." It is plain, therefore, that if the third sentences, which were within the permissible limits of the sentencing statute, had not been imposed while the cause was pending in this Court the result of the appeal would have been (1) a reversal by this Court of the second set of sentences, on the ground that the sentences were not imposed in open court in the personal presence of the appellants, as the law required, Brown v. State, supra; (2) the affirmance of the original sentence imposed against Caminas, because it was based on a valid judgment and was a lawful sentence; (3) a reversal of the original sentence as to Collins because the sentence exceeded the maximum allowed by law, section 849.01, supra; and (4) a remand of the cause for the imposition of proper sentence. Scroggins v. State, 125 Fla. 49, 169 So. 547. While it cannot be doubted that the procedures adopted by the trial judge in sentencing the appellants were irregular, such error as may have been committed in the premises was favorable to the appellants and consequently they cannot be heard to complain. Tilghman v. State, Fla., 64 So.2d 555.
Affirmed.
*9 DREW, C.J., and THOMAS and THORNAL, JJ., concur.
TERRELL, ROBERTS and HOBSON, JJ., dissent.