HOBSON, Justice.
Appellant was informed against for breaking and entering and for larceny on two separate occasions. On pleas of guilty, he was sentenced to five years of hard labor in each case, the sentences to run concurrently. After judgment and sentence, he filed a motion to withdraw the pleas of guilty and enter pleas of not guilty in both cases, on the primary ground that the previous pleas had been obtained from him by virtue of certain promises and threats made by one Levy Gatlin, a deputy sheriff of Polk County. The court denied the motion, after hearing, and this is the order appealed from.
The only question involved is whether or not the trial judge abused his discretion in denying the appellant’s motion to withdraw his pleas of guilty.
At the hearing on the motion, appellant testified that Gatlin had made his promises and threats on or about March 24, 1955, and that the only time Gatlin visited him in jail was on this date. He further testified that Gatlin promised him a light sentence or probation if he would plead guilty, and that if he did not plead guilty Gatlin would see that the welfare check received by his wife for the support of their children would be discontinued. Gatlin coached him about the robberies, he said, and told him how to testify.
Gatlin took the stand and testified that he talked to appellant only once, which was some time in February, 1955, and that appellant refused to tell him anything about the robberies'but said that he would not talk to anyone .other than his lawyer. Gat-lin denied having made promises or threats to appellant. Other evidence presented by the State tended to corroborate Gatlin’s story and refute appellant’s.
Perhaps the most significant point herein is that the latest date at which the alleged Gatlin interview could have occurred, according to appellant’s testimony, was March 25th. Appellant was not arraigned, however, until March 28th, at which time he pleaded not guilty. 1 He did not plead guilty until April 4, 1955. Appellant had been represented by counsel, but discharged him, apparently,, on March 26th. The attorney was re-employed after appellant had been convicted and sentenced, in time to present the motion to change his plea.
This court has consistently held that the granting or denying of a motion *274 of this character is discretionary with the trial court and that the burden of proving an abuse of such discretion is upon the appellant. La Barbera v. State, Fla., 63 So.2d 654; Sinclair v. State, 133 Fla. 77, 182 So. 637; Collins v. State, Fla., 83 So.2d 6. Since the matter of credibility was in the hands of the trial court, and in the light of the admissions made by appellant in his own testimony, it does not appear that the burden has been sustained in this case.
■Affirmed.
DREW, C. J., and TERRELL and THORNAL, JJ., concur.