### STATE v. TYNDAL.
No. I-463.

Circuit Court, Polk County, Criminal Appeal.
June 22, 1966.

Thomas W. Perkins of Edmund, Perkins, Kirkland & McDaniel, Lake Alfred, for the appellant.

Glen Darty, State Attorney, for the appellee.

A. H. LANE, Circuit Judge.

This is a timely appeal from the "Order Denying Motion to Vacate Plea of Guilty, Judgment of Conviction and Sentence, and to Allow Entry of Plea of Not Guilty," entered by Honorable R. H. Amidon, judge, criminal court of record in and for Polk County.

The record in this cause discloses that the appellant, W. W. Tyndal, was arrested in Polk County shortly before midnight on January 30, 1965, by an officer of the Florida Highway Patrol. He was charged with operating a motor vehicle on the public highway while under the influence of intoxicating liquor to the extent that his normal faculties were impaired and with reckless driving. He was transported to the Polk County jail at Bartow, where he was booked and jailed. At about 6:30 a.m., on January 31, 1965, Tyndal was released on an appearance bond posted by R. H. Padgett, for Prudence Mutual Casualty Company.

It is uncontroverted that following his release, the appellant accompanied Padgett to the latter's office, near the jail. According to the witnesses, Padgett and Linda Wolfe, the appellant there executed the document entitled "Plea of Defendant," dated January 31, 1965, and departed. The appellant testified that he could neither read nor write and could only print his name.

On February 22, 1965, the Honorable Gordon McCalla, county solicitor of Polk County, filed an information in the criminal court of record, charging Tyndal in one count with driving while under the influence and in a second count with reckless driving. The minute entries of the clerk of the criminal

court of record show that an "Arraignment" was held on March 8, 1965, and a "Plea of Guilty by Affidavit" was entered on behalf of Tyndal by a bail bondsman named Harrison, and the pleading above described as "Plea of Defendant" was filed on the same day by the clerk of said court. The minute entries further show that the imposition of sentence upon the appellant was continued until June 7, 1965. On June 4, 1965, the appellant was adjudged guilty of charges contained in the information and sentenced to pay a fine of $300 or serve 90 days in the Polk County jail, plus revocation of his driver's license for a period of one year.

On July 26, 1965, Tyndal filed a sworn pleading entitled "Motion to Vacate Plea of Guilty, Judgment of Conviction and Sentence, and to Allow Entry of Plea of Not Guilty." The motion alleged that Tyndal — (1) had not been represented by counsel during any of the proceedings; (2) had not in propria persona entered a plea of guilty to the charges; (3) had not knowingly and intelligently authorized anyone to enter a plea of guilty for him; (4) was not guilty of the offenses charged; (5) desired to plead not guilty and have jury trial; and (6) that the motion was being filed in good faith. Hearing was had on the motion on September 17, 1965, and the trial court entered its "Order Denying Motion to Vacate Plea of Guilty, Judgment of Conviction and Sentence and to Allow Entry of Plea of Not Guilty" on October 4, 1965. It is from this order that the instant appeal has been taken.

The appellant contends that the trial court abused its discretion by denying him permission to withdraw his plea of guilty and to enter a plea of not guilty. To support this contention, the appellant asserts in effect that the document entitled "Plea of Defendant" was not his voluntary and intelligent act, based on competent advice and free from taint of misapprehension, inadvertence and ignorance. Although counsel for the parties do not agree on the phraseology of the issue on appeal, the briefs and record narrow the issue to whether or not the trial court abused its discretion in denying the appellant permission to withdraw a plea of guilty to a misdemeanor and enter a plea of not guilty following judgment and sentence when the plea of guilty was submitted to the accused by his bail bondsman and signed by the accused with other papers in the bail bondsman's office immediately following his release from custody on bond prior to the filing of any information against the accused and later filed with the court by the bail bondsman in the absence of the accused.

8

It is elementary that a motion for permission to withdraw a plea of guilty and enter a plea of not guilty must be addressed to the sound judicial discretion of the trial judge. See §909.13, Florida Statutes; Collins v. State, Fla. 1955, 83 So.2d 6; Casey v. State, Fla. 1934, 156 So. 282; LaBarbera v. State, Fla. 1953, 63 So.2d 654; and Asbey v. State, Fla. App. 1958, 102 So.2d 407. The order of the trial court is subject to appellate review, but the burden is on the applicant to show abuse of discretion if he is to succeed on appeal. In Roberts v. State, Fla. App. 1962, 142 So.2d 152, the District Court of Appeal, Third District, speaking through Judge Horton, cogently stated the applicable rules and principles as follow —

> "A motion to set aside judgment of conviction and to vacate a plea of guilty and substitute therefor a plea of not guilty is addressed to the sound judicial discretion of the trial court subject to review by an appellate court which will interfere only if the appellant can show that there was an abuse of discretion.

> "Some of the principles to be borne in mind in determining whether there has been an abuse of discretion in such a case are: a plea of guilty should be entirely voluntary by one competent to know the consequences and should not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance; a defendant should be allowed to withdraw a plea of guilty given inadvisedly when application is duly made in good faith and sustained by proofs, and proper offer is made to go to trial on a plea of not guilty; the law favors trial on the merits; the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place." (footnote citations omitted)

Obviously, the foregoing principles must be applied in each case by the appellate court to determine whether or not there has been an abuse of discretion.

Review and consideration of the facts disclosed by the record on appeal in this case, persuade this court that the learned trial judge did abuse his discretion in denying the appellant, Woodrow Wilson Tyndal, permission to withdraw his plea of guilty and enter a plea of not gulity.

The record here indicates that the "Plea of Defendant" was not the voluntary act of the appellant in the sense that he intel-

ligently entered his plea knowing the consequences thereof. He testified that he did not sign the plea although he may have, and that he could neither read nor write although he could sign his name in a manner of printing. Admittedly, no information had been filed against him at the time the "Plea of Defendant" was signed. While the appellant knew or should have known the nature of the offense with which he would be charged, he could not have known with certainty what the information against him would ultimately charge. He can hardly be expected to plead guilty voluntarily to an unknown charge. Legislative concern with this point is demonstrated by the passage of §909.14, Florida Statutes entitled *"Plea of guilty before indictment or information filed,"* which will be hereafter considered. In addition, the circumstances of the instant case are such as to suggest that the execution of the "Plea of Guilty" was a condition of the issuance of the bond, and if so, the execution of the "Plea of Defendant" was induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance. All in all, the evidence is sufficient to render the "Plea of Defendant" suspect, in that it was not the entirely voluntary act of the appellant or that it was induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance or both.

Of particular concern to this court is the manner in which the "Plea of Defendant" was prepared, presented to the accused for execution and filed. The source of the form of "Plea of Defendant" is not described in the record. The bail bondsman, Padgett, testified that the appellant told him that he did not want to come to court, whereupon, the bail bondsman told the appellant that he would have to sign the guilty plea "if he wanted me to plead guilty for him." The bail bondsman and the witness, Linda Wolfe, who apparently worked for him, testified that the appellant signed the "Plea of Defendant" on the morning of January 31, following his release from jail. In addition to the foregoing comments by the bail bondsman, the bail bondsman further testified that he told the appellant that Judge Amidon had been fining defendants found guilty of driving while under the influence around $300, and that he would lose his driver's license if he plead guilty. Thereafter, the records of the clerk of the criminal court of record indicate that a plea of guilty by affidavit was entered in behalf of Tyndal by a bail bondsman named Harrison, who parenthetically was associated with or employed by Padgett. It therefore appears to the court that a pleading was prepared and the appellant was advised and represented by one or more persons not authorized or licensed

to practice law in the state of Florida and contrary to the express provisions of §903.52 (1) (f), Florida Statutes.

In the "Order Denying Motion to Vacate Plea of Guilty, Judgment of Conviction and Sentence and to Allow Entry of Plea of Not Guilty," the lower court recited that for many years it had followed the custom of accepting written pleas of guilty identical with the one filed in this cause. The use of written pleas of guilty without appearance may be excused in order to expedite the disposition of misdemeanors consisting of traffic violations, but the conviction and sentence will be subject to subsequent attack as in the instant case. If the custom extends to permitting bail bondsmen to practice law before the court, it is inexcusable in that it is contrary to law and results in a disservice to the accused. While neither the United States constitution nor the constitution of Florida have been construed to require that one accused of a misdemeanor be furnished with counsel, it is elementary that only those found to be competent and licensed to practice law shall be permitted to advise an accused. Stated simply, while the rights of one accused of a misdemeanor may not be prejudiced if he receives no advice, those rights may well be prejudiced if he receives incompetent advice. If the custom referred to by the lower court includes the practice of law by bail bondsmen, then this custom would constitute a mitigating circumstance if not a complete defense to charges of unauthorized practice in the instant case. Suffice it to say here, that if the appellant signed the "Plea of Defendant" in reliance on any information given to him as disclosed by the record, then he signed the plea inadvisedly by the most charitable interpretation.

As referred to above, §909.14, Florida Statutes, which is entitled *"Plea of guilty before indictment or information filed"* states as follows —

"If a person who has been held to answer for an offense desires to plead guilty thereto before he has been informed against he may so inform the court having jurisdiction of the offense, whereupon the court shall direct the prosecuting attorney to file an information charging the defendant with such offense and upon the filing of such information and arraignment thereon, the defendant may plead guilty thereto."

The information obviously had not been filed when the "Plea of Defendant" was signed by the defendant on January 31, 1965. The information was filed on February 22, 1965, and the "Plea of Defendant" was filed on March 8, 1965. All other considera-

tions aside, the plea of guilty might have been perfected had it been affirmed in some manner after February 22, 1965, and prior to March 8, 1965. This does not appear to have been the case and this court does not find that the accused here informed the court of his desire to plead guilty prior to the filing information as contemplated by §909.14, Florida Statutes.

This court does not consider in this appeal the guilt or innocence or probable guilt or innocence of the appellant nor has this court concluded that every accused should be permitted to withdraw his guilty plea and enter a not guilty plea after judgment and sentencing, but in the instant case, the accused has demonstrated sufficient facts and circumstances to lead this court to the conclusion that it is evident that the ends of justice would best be subserved by permitting the withdrawal of the plea of guilty and the entry of the plea of not guilty, even though the appellant has been adjudicated and sentenced.

For the reasons herein stated, the order denying motion to vacate plea of guilty, judgment of conviction and sentence and to allow entry of plea of not guilty is reversed, and this cause is hereby remanded to the trial court with directions to vacate the appellant's plea of guilty, judgment of conviction and sentence and allow the appellant to enter a plea of not guilty and set this cause for timely trial by jury.