HOBSON, Judge.
Error on the part of the trial judge is asserted on this appeal by defendant wherein the court denied the defendant’s motion to withdraw his plea of guilty.
The procedural steps in the case at bar occurred in the following sequence. An information was filed in the office of the Clerk of the Criminal Court of Record in and for Polk County, Florida charging appellant with robbery. On May 14, 1962, a plea of “not guilty” was entered through appellant’s privately retained counsel.
Subsequently, however, before the defendant was ever brought to trial, he was arrested and convicted on a charge of counterfeiting by the Federal Court in New Orleans, Louisiana, and sentenced to a term of five years in the Federal penitentiary in Atlanta, Georgia.
After his release on April IS, 1966, the defendant in the presence of his privately retained counsel withdrew his plea of “not guilty” and entered a “guilty” plea. After accepting defendant’s “guilty” plea the trial judge ordered a pre-sentence investigation.
On September 8, 1966 defendant’s counsel filed a “Motion to Withdraw Guilty Plea” with an “Affidavit in Support of Motion to Withdraw Guilty Plea” signed by the defendant.
On September 13, 1966, a hearing was held pursuant to defendant’s motion where *322 in said motion was denied and thereupon defendant was adjudged guilty and sentenced to serve a term of ten years in the Florida State Prison.
Defendant’s only point on appeal concerns whether the trial judge abused his discretion in not allowing the defendant to withdraw his plea of guilty.
Section 909.13, Florida Statutes 1965, F.S.A., provides that the trial court may, in its discretion, allow the withdrawal of a guilty plea. It is stated in Collins v. State, Fla.1955, 83 So.2d 6, at page 7 as follows:
“The cases are legion that an application for leave to withdraw a plea of guilty, and enter a plea of not guilty, is a matter within the sound judicial discretion of the trial judge to whom the application is directed, Casey v. State, 116 Fla. 3, 156 So. 282; La Barbera v. State, Fla., 63 So.2d 654; and the burden of showing reversible error in a trial court’s denial of a motion to withdraw such a plea rests upon the appellant. Sinclair v. State, 133 Fla. 77, 182 So. 637.”
After a thorough examination of the record-on-appeal we conclude defendant has failed to meet this burden.
Defendant’s main thrust is that he was assured of being placed on probation if he entered a plea of guilty. After a thorough reading of the record defendant’s argument is not sustained by the facts found therein. The record reveals the following:
(1) The defendant’s bondsman, a Mr. Edward L. Stanton, after allegedly discussing defendant’s case with the trial judge, wrote defendant a letter which stated in part:
“I spoke with Judge Amidon on my return through to Miami on Friday, March 25th and although I in no way mean this to convey a deal or promise from him, after a lengthy conversation with he and the county solicitor it was indicated that Judge Amidon would accept a guilty plea and release you without additional time on probation to run concurrent with the Federal probation, based on the time you have already been incarcerated.” (emphasis added)
(2) The trial court further clarified its position in the hearing on the motion to withdraw when the judge stated:
“This matter was discussed at the time he entered his plea here—I don’t know whether it was discussed in his presence —it was discussed with Mr. Bergstresser, (defendant’s attorney) the possibility if he pled of his getting probation, Mr. Bergstresser informed the Court of all of the background, and they wanted to bring him in and plead him guilty. The Court said it would order a presentence investigation, and if the investigation, in the opinion of the Court, ivas favorable, he would be placed on probation, but that we could make no promises and it would depend entirely on the result of that pre-sentence investigation.” (emphasis added)
(3) The county solicitor denied any knowledge of the alleged meeting described in the above-mentioned letter of Mr. Edward L. Stanton.
(4) Defendant testified about some alleged threats made by an F.B.I. officer if defendant refused to cooperate with him but this was uncorroborated testimony and both the trial judge and the county solicitor denied any contact with any member of the F.B.I. regarding defendant’s case.
It is stated in Morgan v. State, Fla.App.1962, 142 So.2d 308, at page 310 as follows :
“In cases of this kind, a motion to withdraw a plea of guilty should be granted if the plea of guilty was induced by apprehension, surprise, hope, persuasion, fear, ignorance, mistake, or promise, or other circumstances which put the defendant at a disadvantage in protecting his rights. Stratton v. State, Fla.1955, 77 *323 So.2d 864; La Barbera v. State, Fla.1953, 63 So.2d 654; Rubenstein v. State, Fla.1951, 50 So.2d 708; 9 Fla.Jur., Criminal Law, Section 160, pages 186-190.”
Defendant has failed to demonstrate the existence of any of these requisite elements and thereby has not shown an abuse of discretion on the part of the trial judge in denying his motion.
The order appealed from is accordingly affirmed.
ALLEN C. J., and LILES, J., concur.