SWANN, Judge
(dissenting).
I respectfully dissent from the majority opinion.
As noted by the majority, the appellant had a history of psychopathy and had been discharged from the military service with a lifetime disability pension because of mental disorder.
On June 8, 1965 an information was filed against him for crimes against nature and contributing to the delinquency of a minor, *702 alleged to have been committed on May 15, 1965. The appellant had voluntarily gone to the mental ward of the local Veterans Administration Hospital in Dade County, Florida on June 7, 1965, and had remained there until November 8, 1965.
While in the mental ward of the Veterans Hospital for this six month period, he had been under the care of Dr. Ernst Speyer, a staff psychiatrist. At arraignment on September 2, 1965, while represented by private counsel, Peterson entered a plea of not guilty. On November 8, 1965, while represented by private counsel, he withdrew his prior plea of not guilty and entered a plea of nolo contendere. He was specifically asked by the court if this was what he wanted to do, i. e. whether he wanted to change his plea of not guilty to nolo con-tendere, and he answered, “Yes.”
A trial was held at that time and the minor involved in the alleged offense testified. In addition, Dr. Speyer testified and gave evidence that the defendant was suffering from the schizophrenic reaction. He was asked questions concerning the defendant’s mental condition, including the question of the defendant’s knowing right from wrong or irresistible impulse. There was no testimony from Dr. Speyer at trial that this defendant was insane, although it was indicated that he needed further psychiatric care.
At the conclusion of this hearing the defendant was voluntarily confined, by the trial court, to the local Veterans Administration Hospital for a pre-sentence investigation.
On December 13, 1965 a hearing was held before the trial court in which it was indicated that the defendant had left the hospital, since there was no court order requiring the hospital to hold him and that he had contacted the mother of the minor child involved in the alleged crime. On December 13, 1965 the defendant was adjudicated guilty of the aforesaid crimes, again in the presence of his privately retained counsel.
On December 22, 1965, the Criminal Court certified the defendant to the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Dade County, Florida, for a determination pursuant to- Chapter 917.12, Florida Statutes, F.S.A. (Criminal Sexual Psychopaths Law).
On January 21, 1966 a Circuit Court judge of the aforesaid circuit rendered his order which found that the defendant was a criminal sexual psychopath within the meaning of Chapter 917.12, Florida Statutes, F.S.A. This order recited that the court had heard the testimony and considered the reports of two court appointed psychiatrists, and that after hearing argument of counsel for the State and for the defendant, the court found that the defendant was suffering from a mental disorder but that he was not insane or feeble minded and he was therefor committed to the South Florida State Hospital for confinement and treatment.
On September 19, 1966, the judge of the Circuit Court rendered his order, finding that the defendant had improved to such a degree that he was no longer a menace to others as a criminal sexual psychopath and discharged him from the South Florida State Hospital and certified him to the Criminal Court of Record to be dealt with in accordance with the law.
On September 28, 1966 a hearing was held in the Criminal Court, at which time the defendant’s attorney moved to vacate the previous plea of nolo contendere and adjudication of guilt. This oral motion was denied by the court at that time.
On September 28, 1966 the judge of the Criminal Court of Record sentenced the defendant for a term of five years in the State Penitentiary. The record reflects that the defendant was represented by the same counsel throughout these proceedings.
On October 7, 1966 the defendant’s attorney filed a written pleading entitled “Motion for Rehearing of Courts [sic] Denial to Set Aside Plea of Nolo Contendere.” No *703 challenge has been made by the State to the timeliness or propriety of this motion. It alleged, essentially, that at the time the defendant entered his plea of nolo contendere he was suffering from a mental disorder and did not realize the consequences of his plea, and that at the time the plea was entered neither the defendant nor his counsel realized that the plea of not guilty by reason of insanity should have been raised because of his mental disorder, and that at the time the defendant entered the plea, he was not responsible for his actions and did not know right from wrong or understand the gravity or consequences of his plea.
On October 20, 1966 the defendant’s counsel withdrew from the cause and a new privately retained attorney thereafter represented the defendant.
On December 27, 1966 the defendant’s new counsel orally adopted the previously filed written motion for rehearing of the court’s denial to set aside the plea of nolo contendere.
At a hearing on this motion the court heard testimony from a psychiatrist employed at the South Florida State Hospital who was of the opinion that the appellant did not know right from wrong at the time of the commission of the crime. The trial court denied the motion to change the plea from nolo contendere to not guilty by reason of insanity and this appeal followed.
In ruling on the above set of facts the majority relies upon Eckles v. State, 132 Fla. 526, 180 So. 764 (1938) and Dodds v. State, Fla.App.1958, 100 So.2d 453. In Eckles, the court stated that “the motion supported by the affidavit at least raises a doubt as to the competency of the accused to enter a plea of guilty without advice of counsel.”
In the Dodds, case, it was also indicated that the defendant had not been represented by legal counsel on or before arraignment. Under the circumstances of both cases, the appellate court granted the motions to withdraw prior pleas and to enter subsequent pleas of not guilty by reason of insanity.
The record in the instant case reflects that Peterson was represented by able and experienced trial counsel throughout every stage of this proceeding and that at all times both the trial counsel and the defendant were aware that he had been under psychiatric care; that he had been discharged from the military service with a lifetime disability pension because of this disorder, and that he had been under psychiatric care at the Veterans Hospital in Coral Gables, Florida prior to the time of the alleged offense. In order to properly rely upon a defense of insanity, a defendant is required to comply with the provisions of Section 909.-17, Florida Statutes, F.S.A. In the event that a defendant does not properly comply with its requirements, the statute provides that “upon good cause shown for the omission of the notices and procedure as to the defense of insanity as here set forth, the court may in its discretion permit the introduction of evidence of such defense.” [Emphasis added.]
Ordinarily, an appellant who complains of the denial of a motion to withdraw a plea of guilty has the burden of clearly demonstrating that the denial was an abuse of discretion. For all practical purposes, a plea of nolo contendere is construed as a plea of guilty in the case in which it is given. Smith v. State, Fla.App.1966, 184 So.2d 458; Peel v. State, Fla.App.1963, 150 So.2d 281.
In Peel, Judge Allen made an exhaustive investigation concerning the plea of nolo-contendere, its history and effect. The opinion of the court held, essentially, that a defendant who has entered a plea of nolo contendere, and who is sentenced upon such a plea, cannot raise questions on appeal concerning matters other than the sufficiency of the accusatory writ. See Section 909.20, Florida Statutes, F.S.A. The opinion cited *704 Crolich v. United States, 196 F.2d 879 (5th Cir. 1952). The court therein held: “A plea of nolo contendere, like a plea of guilty, leaves open for review only the sufficiency of the indictment, and waives all defenses other than that the indictment charges no offense." [Emphasis added.] In Peel, the court also cited Volume 2, Standard En-cyclopaedia of Procedure, Page 895, which commented, “In General. — A plea of guilty admits all facts sufficiently pleaded, confesses the indictment or information to be wholly true, with respect to each and every allegation, operates as a waiver of any defense, * * * ” [Emphasis added.]
It appears to me to be abundantly clear that the record discloses that the defendant and his attorney were both aware of the defendant’s mental condition prior to arraignment and throughout every step taken in this proceeding. Not having properly complied with the requirements of Section 909.-17, Florida Statutes, F.S.A., the appellant has not shown any good cause for his noncompliance or that the court abused its discretion in denying his belated attempt to change the plea from nolo contendere to not guilty by reason of insanity.
No abuse of discretion having been shown by the trial judge in this cause, this judgment and order should be affirmed upon the authority of Adams v. State, Fla. 1955, 83 So.2d 273; Morgan v. State, Fla.App.1962, 142 So.2d 308, and Section 909.13, Florida Statutes, F.S.A.
For the above and foregoing reasons I believe that the judgment and sentence should be affirmed.