HENDRY, Judge.
The appellant was indicted, along with a co-defendant, for the crime of murder in the first degree. At his arraignment, he entered his plea of not guilty. The motions for severance filed by the attorneys for both co-defendants were respectively denied, and jury trial began in the Circuit Court of Dade County on March 4, 1968. Following the first day of jury selection, the appellant withdrew his own plea of not guilty and entered a plea of guilty. Adjudication and sentencing were withheld pending the continuation of the co-defendant’s trial.
The trial of the co-defendant, Toni Kay Nanney, resulted in a jury verdict of not guilty for the crime of murder in the first degree. At that point in proceedings, prior to his adjudication and sentencing, but subsequent to the above verdict of not guilty for the co-defendant, Lopez filed a motion for leave to withdraw his plea of *695 guilty, which was heard on June 12, 1968, before the trial court judge. The judge denied the motion and thereafter adjudicated Lopez guilty of murder in the first degree, sentencing him to life imprisonment.
Although the appellant has raised several cogent theories of law, contending that error was committed at various stages of the proceedings below, we find it necessary to examine one point only because we feel it sustains the appellant’s position, and that point is: Whether the trial court erred in refusing to permit the appellant to withdraw his plea of guilty prior to adjudication and sentencing for the crime of first degree murder? We must answer this point in the affirmative.
A detailed examination of the facts surrounding this case is essential so that the holding of this decision may be put into proper perspective. The overall thrust of the appellant’s argument is that the particular facts and circumstances which surrounded his Qriginal decision to withdraw the plea of not guilty, and substitute therefor a plea of guilty, were such as to throw doubt upon the voluntariness of the guilty plea, and should have compelled the trial judge to grant the later motion to again change his plea to that of not guilty. Realizing that the granting or refusal of such motion is a matter which has, by our common law, been subject to the trial court’s discretion, the appellant nevertheless contends that the record on appeal contains such evidence so as to amply demonstrate an abuse of that discretion.
Why did Lopez originally change his plea from not guilty to guilty? The purpose of the June 12, 1968, hearing was to bring forth those reasons, and the testimony of at least seven of the twelve witnesses called tended to show that a number of emotional and coercive influences were operating on the appellant when he entered the guilty plea. The appellant’s wife, Olga Lopez, testified that she had conversed with her husband several hours before he changed his plea to guilty, and that she had fervently expressed to him her fear of the consequences that a full trial, necessitated by his not guilty plea, would have upon her and their family at home. At the above hearing, she stated that “I needed very desperately to convince him to go ahead and plead guilty” but that the appellant himself expressed vehement reservations as to entering the guilty plea. The appellant’s wife then proceeded to remind him of the scandal and jeopardy such a trial would wreak upon her professional position in the community, as well as the harmful effects that the trial might have on the health of the defendant’s father. In a further attempt to persuade the appellant to avoid the necessity of trial, she even threatened to- bring their children into the courtroom, ostensibly telling the appellant of this in an effort to play upon his desire not to affect his children in any way.[1] As a final tactic to persuade the appellant to enter a plea of guilty to the charge, Olga Lopez also expressed her fear that the appellant would receive the death penalty once co-defendant Nanney gave her version of the homicide to the jury. Further examination of Olga Lopez at the hearing on the motion to withdraw the plea of guilty also elicited testimony that the appellant had proclaimed his own innocence to the charge to his wife within minutes of entering the guilty plea.
*696 The next witness called was the appellant’s attorney at the time of the trial, Henry Gonzalez. Mr. Gonzalez gave extensive testimony relating to the conversations he had had with the appellant prior to the entry of the guilty plea. In so doing Gonzalez necessarily revealed what his assessment of the appellant’s chances were at that stage in the proceedings, stating basically that he felt the appellant’s case to be so weak, in view of the co-defendant’s statements, and the refusal of the judge to grant a severance, as to preclude even a recommendation of mercy. Gonzalez had made this position known not only to the appellant, but also to Olga Lopez, thus confirming her fears that if the appellant stood trial on a not guilty plea, acquittal was impossible and the death penalty a near-certainty.
Another witness called was Father Fernando Martinez, who was Chaplain of the jail at the time of the appellant’s incarceration. Father Martinez testified as to the conversations, which took place outside of confession, wherein the appellant repeatedly asserted his innocence to the charge, and acknowledged the coercive effects that his wife’s remonstrations were having upon his mental well-being. Father Martinez also acknowledged the fact that the appellant was greatly concerned with his own father’s health, especially the possible effects that a full trial would have upon it.
Several police officers were called as witnesses, testifying as to their conversations with the appellant. They reconfirmed the fact that appellant was laboring under his attorney’s advice and opinion as to the damaging effect of Nanney’s testimony; moreover, they also reconfirmed the existence of appellant’s worry and frustration after he had entered the guilty plea. In addition to several police officers, a news photographer was also called who reiterated much of the above information pertaining to conversations with the appellant and his state of mind as expressed therein.
The appellant’s uncle, Manuel Alonso, was called as a witness, and gave further insight as to the information which had been relayed to the appellant regarding the state of his father’s health. Mr. Alonso also testified as to the nature of Mrs. Lopez’s influence upon the appellant prior to his plea of guilty.
Finally, the appellant himself was called, and set forth in his testimony a confirmation of those factors which have been detailed above.
Section 909.13, Fla.Stats., F.S.A., (1967) provides that the trial court may, in its discretion, allow the withdrawal of a guilty plea. When denial of a motion for withdrawal is entered, the burden of showing reversible error in such denial rests upon the appellant. Sinclair v. State, 133 Fla. 77, 182 So. 637; La Barbera v. State, Fla. 1953, 63 So.2d 654; Ketchum v. State, Fla.App.1967, 197 So.2d 321.
In the case of Roberts v. State, Fla.App.1962, 142 So.2d 152, this court set forth the guiding principles of law that have been extracted from the pertinent Florida cases dealing with motions to change a plea to not guilty. The crimes involved in the Roberts decision were those of vagrancy and resisting arrest with violence; however, in the case at bar, the applicable principles of the Roberts case are underscored by the severity and nature of a first degree murder charge. That holding of the Roberts case which we deem controlling herein is as follows:
“Some of the principles to be borne in mind in determining whether there has been an abuse of discretion in such a case are: a plea of guilty should be entirely voluntary by one competent to know the consequences and should not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance; a defendant should be allowed to withdraw a plea of guilty, given inadvisedly, when application is duly made in good faith and sustained by proofs, *697 and proper offer is made to go to trial on a plea of not guilty; the law favors trial on the merits; the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place.” [Citations omitted.]
After carefully reviewing the record on appeal, we must conclude that in light of the principles enunciated in this opinion, the trial court erred in denying the appellant’s motion and the ends of justice will by subserved by allowing him to withdraw his plea of guilty and substitute therefor a plea of not guilty. It should be readily apparent that many factors, inconsistent with the ultimate ends of justice, were at work on Felix Lopez at the time he entered his plea of guilty. Paramount on the appellant’s mind were the following: the undue and improper influence of his family; his mistake of judgment regarding the rights of a defendant to proceed to trial with a. meritorious defense which itself was predicated upon a sincere belief in his innocence of the charge; the duress of endangering the health of his father and subjecting his family to the anxiety and pressure of publicity and scandal; and finally, the advice of counsel which was inconsistent with his declaration of innocence to the charge.
Accordingly the judgment and sentence are reversed and the cause remanded for further proceedings not inconsistent with the holdings expressed herein.

. The basis for Olga Lopez’ belief that scandal would result from the trial apparently stems from several facts surrounding the homicide. The husband of the co-defendant, Toni Nanney, was beaten to death under circumstances indicating heavy intoxication and an argument, possibly involving an intimate relationship between the appellant and Toni Nanney. After the indictments were filed, Nanney herself signed a statement which placed the entire blame for the homicide upon the appellant and also brought attention to her relationship with him.