287 So.2d 698 (1973)
Donald DIXON, Appellant,
v.
STATE of Florida, Appellee.
No. T-360.
District Court of Appeal of Florida, First District.
November 20, 1973.
Rehearing Denied January 30, 1974.
John R. Weed of Weed & Bishop, Perry, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Defendant has appealed a final judgment of conviction and sentence based upon his plea of guilty to the charge of second degree murder. He contends that the trial court abused its discretion and committed reversible error when it denied his motion *699 to withdraw his negotiated plea of guilty and substitute a plea of not guilty to the charge against him.
Defendant was arrested on December 24, 1972, and informally charged with the offense of murder in the first degree. On December 30, 1972, he was adjudged insolvent, and on January 3, 1973, the public defender was appointed to represent him. On April 4, 1973, appellant was arraigned and entered a plea of not guilty to the offense with which he was charged. A motion to dismiss the indictment was filed on appellant's behalf by the public defender, but the motion was subsequently denied and the case set for trial on April 17, 1973.
On the day before the trial date, appellant was brought back before the court accompanied by his counsel who requested on appellant's behalf for permission to withdraw his plea of not guilty and substitute a negotiated plea of guilty to murder in the second degree, which plea had been agreed upon between the assistant state attorney and the public defender. Although appellant had been confined to jail from December 24, 1972, when he was arrested, to April 16, 1973, when he was returned to the court the day before his trial was to commence, at no time had his appointed counsel conferred with him concerning the facts of his case or his defense to the charge against him. When the trial judge commenced interrogating appellant concerning the voluntariness of his plea, appellant confessed in response to a question asked of him that at no time had he had an opportunity to discuss his case with his attorney. At that point the trial judge temporarily adjourned the hearing and requested that appellant confer with his attorney before returning to the court for resumption of the hearing. At the conference held at that time between appellant and his attorney, appellant insisted that he was not guilty of the charge against him and stated his objection to pleading guilty to the lesser offense of murder in the second degree. In response to this position, however, the public defender insisted that appellant had no alternative but to plead guilty to the lesser offense for to do otherwise would work to his prejudice and result in a more severe penalty. At no time did the public defender permit appellant to discuss the facts of his case or any defense which he might be able to sustain at the trial. It was only after appellant became convinced that it was necessary to follow his attorney's advice and enter his plea of guilty that he agreed to do so. Upon their return to the courtroom, appellant then announced to the court that he was willing to plead guilty to the reduced charge of murder in the second degree. In response to further questions by the court, appellant stated that he had discussed his case with his attorney during the recess and that his plea of guilty was being voluntarily made. Appellant's plea was accepted by the court, he was adjudged guilty, and a presentence investigation ordered.
On May 31, 1973, before sentence was either announced or imposed by the court, appellant's family employed private counsel who immediately filed a motion asking permission to withdraw appellant's plea of guilty and to substitute a plea of not guilty in order that he might have the opportunity of going to trial on the charge against him. Following a hearing before the court, this motion was denied and appellant was sentenced to serve a term of imprisonment in the state prison of not less than 20 nor more than 30 years.
It is the settled law of this state that a trial court may in its discretion, particularly before sentence is imposed, permit a defendant to withdraw his plea of guilty and go to trial on a substituted plea of not guilty.[1] It is equally settled that if a trial court abuses its discretion in denying a motion of this kind, such denial may be reversed provided the defendant carries the burden of clearly demonstrating that an *700 abuse of discretion occurred under the facts of the case.[2]
One of the basic elements of due process is that an indigent defendant accused of crime and represented by appointed counsel is entitled to the effective assistance of counsel in the handling of his case.[3] If the assistance rendered by such counsel is of such a substandard level as to cause the trial to become a mockery and a farce, the defendant will be considered to have been deprived of the assistance of counsel and his conviction invalid.[4]
For whatever reason, it appears from the record before us that appellant, who was charged with the most serious crime known to criminal jurisprudence, languished in jail for more than 3 1/2 months during which he was not afforded the opportunity of conferring with his court-appointed counsel concerning his case and any defense he might have to the charge against him. After having asserted his innocence by pleading not guilty upon arraignment, he still was not afforded the opportunity of a consultation with his attorney prior to being brought back into the courtroom in order that he might plead guilty to a lesser offense on a negotiated plea bargained for him by his attorney. After requesting the opportunity of talking with his attorney and being accorded this privilege by the trial court, appellant continued to profess his innocence and his objection to pleading guilty to any offense but was persuaded by his lawyer that he had no alternative but to tender his plea of guilty as to do otherwise would work to his prejudice. It was only under these circumstances that appellant returned to the courtroom and voluntarily tendered his plea of guilty to the court.
It is our view that under the circumstances reflected by this record appellant's motion should have been granted and the opportunity afforded him to defend the charge at a trial before an impartial jury. There can be little doubt but that the legal assistance provided appellant as an indigent defendant was less than effective, and, if permitted to stand, would make a mockery of justice and his adjudication of guilty a farcical proceeding.
For the reasons hereinabove stated, the judgment appealed is reversed and the cause remanded for further proceedings consistent with the holding expressed herein.
RAWLS, C.J., and JOHNSON, J., concur.
NOTES
[1] White v. State (Fla.App. 1970), 244 So.2d 499.
[2] Costello v. State (Fla. 1972), 260 So.2d 198.
[3] Hawkins v. State (Fla.App. 1966), 184 So.2d 486.
[4] Simpson v. State (Fla.App. 1964), 164 So.2d 224.