RAWLS, Acting Chief Judge.
On June 30,1975, Brown was charged by a two-count information with breaking and entering and grand larceny. This information was amended on September 8,1975, by adding a third count charging Brown with receiving or concealing stolen property. Arraignment of Brown on the added count was held at approximately 9:30 a. m. on September 15, 1975, the day of trial, at which time Brown’s counsel sought additional time because “this case has been prepared on the basis of two counts in the first information and this information has just come into our hands.” In answer to the state’s argument of no prejudice, the court observed, “Isn’t this an additional five years if convicted?”, to which the state answered, “Yes, it is.” Nonetheless, the trial court announced that a jury would be picked at 11:00 a. m. During the ensuing hour and a half prior to empaneling a jury, Brown consulted with counsel, telephoned some friends, and again consulted with counsel. At this point in time, Brown’s trial counsel advised him that she had talked with the trial judge who advised her that Brown could be tried on all three counts, and if he was convicted the trial judge would impose the maximum sentence of 20 years as opposed to five years for receiving or concealing stolen property. It was upon the foregoing predicate that Brown’s counsel advised him “if he wanted to go to trial we would go to trial and this decision would have to be his.” Brown appeared with his counsel before the trial court and changed his plea of not guilty to guilty of receiving or concealing stolen property. Subsequently Brown moved to withdraw his plea of guilty prior to sentencing, which motion was denied by the trial court; hence this appeal.
A full review of the proceedings in this cause discloses a general pattern on the trial court’s part to pressure the defendant to enter a plea of guilty. Defense counsel did not receive a copy of the amended information until one and a half hours prior to jury selection, which information introduced new issues requiring counsel to hurriedly evaluate same. It is well settled that elements of receiving or concealing stolen property are entirely different than those which must be proved in a proceeding charging grand larceny or breaking and entering. Defense counsel having one and a half hours to evaluate the propriety of the state to amend its information and putting her client on trial upon the inconsistent counts of breaking and entering with intent to commit a felony, to-wit: grand larceny; and receiving or concealing stolen property, which counts arose out of the identical transaction, together with the announced decision of the trial judge that if convicted defendant would be sentenced to a term of 20 years (an impermissible sentence) present a case where it is, in the least, evident that the ends of justice will best be served by permitting a plea of guilty to be withdrawn upon timely motion of defendant prior to sentencing. Lopez v. State, 227 So.2d 694 (Fla. 3rd DCA 1969); Keesee v. State, 204 So.2d 925 (Fla. 4th DCA 1967), and Dixon v. State, 287 So.2d 698 (Fla. 1st DCA 1973). We conclude that the trial court abused its discretion in refusing to allow defendant to withdraw his guilty plea.
*1288 The judgment of conviction is reversed and the cause remanded for further proceedings consistent with the holding expressed herein.
McCORD, J., and McDONALD, PARKER LEE, Associate Judge, concur.